**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Leonard MURRAY, Defendant–
Appellant.**

No. 00–6633.

United States Court of Appeals,
Sixth Circuit.

April 3, 2002.

Before MARTIN, Chief Circuit Judge;
COLE, Circuit Judge; and SHARP,
District Judge.*

PER CURIAM.

Leonard Murray appeals his conviction for conspiracy to manufacture methamphetamine in violation of 21 U.S.C. § 846

---

* The Honorable G. Kendall Sharp, United States District Judge for the Middle District of    Florida, sitting by designation.

and possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c). Murray alleges the district court erred in refusing to order a *Franks* hearing and in refusing to disclose the identity of an informant who furnished information used in an affidavit to obtain a search warrant. Because Murray has not shown that the affiant, a sheriff's deputy, made any deliberately or recklessly false statement or that disclosure of the informant's identity would substantially assist his defense, we affirm his conviction.

## I.

On February 16, 2000, Deputy Daniel Chisam of the Warren County, Tennessee Sheriff's Department executed a search warrant at the residence of Leonard Murray. Issued on Deputy Chisam's own affidavit, the search warrant was based on information provided by two informants and the deputy's surveillance.

Deputy Chisam's affidavit stated that on February 9, he received a tip from an informant—Informant Number One—that Murray and others were manufacturing methamphetamine at Murray's residence. Informant Number One claimed he was present at the residence and observed methamphetamine manufacturing. According to the affidavit, Informant Number One previously provided information to another officer that lead to convictions on two separate occasions.

Based on the tip from Informant Number One, Deputy Chisam began surveillance of Murray's residence. During surveillance, Deputy Chisam observed significant traffic and among other individuals, a "personal acquaintance" enter the residence and leave approximately fifteen minutes later. Deputy Chisam questioned this acquaintance—identified as Informant Number Two in the affidavit—after he left Murray's residence.

Informant Number Two told Deputy Chisam that Murray was manufacturing methamphetamine and that at Murray's direction, he purchased the potential methamphetamine ingredients Coleman fuel, acetone and psuedoephedrine. With respect to timing, Informant Number Two stated that he observed methamphetamine manufactured and sold at Murray's residence within the previous seventy-two hours. Informant Number Two also identified two other individuals who supplied Murray with chemical ingredients for methamphetamine manufacturing.

As recounted in the affidavit, Deputy Chisam knew Informant Number Two for approximately fifteen years, beginning when Deputy Chisam was a teenager. In his affidavit, Deputy Chisam characterized Informant Number Two as "honest, trustworthy and an upstanding citizen, taking part in civil activities...." During his suppression hearing testimony, Deputy Chisam testified that he had no knowledge of Informant Number Two suffering from mental or psychiatric problems or using illegal drugs. Subsequent to execution of the search warrant, Deputy Chisam acknowledged hearing that Informant Number Two used illegal drugs.

After Murray's counsel made two requests that Informant Number Two be identified, the district court on September 22, 2000, held an in-chambers hearing with counsel to discuss the motion to disclose. Murray's counsel indicated that he believed that Informant Number Two was involved in drug activity and suffered from psychiatric problems characterized by visual and auditory hallucinations. The district court denied the motion.

In early October, Murray moved to suppress the evidence seized from his residence, alleging that Deputy Chisam mis-

represented Informant Number Two's credibility. In a written order dated November 20, 2000, the district court denied this motion.

Murray eventually pleaded guilty to conspiracy to manufacture methamphetamine and possession of a firearm in furtherance of a drug trafficking offense, and received a sentence of twenty years, eight months.

## II.

### A.

■ This court reviews a district court's denial of a *Franks* hearing under the same standard as the denial of a motion to suppress: the district court's factual findings are reviewed for clear error and its conclusions of law are reviewed *de novo*. *United States v. Graham*, 275 F.3d 490, 505 (6th Cir.2001). A defendant is entitled to a *Franks* hearing only if:

> (1) [T]here is a substantial preliminary showing that specified portions of the affiant's averments are deliberately or recklessly false, and (2) a finding of probable cause would not be supported by the remaining content of the affidavit when the allegedly false material was set to one side.

*United States v. Atkin*, 107 F.3d 1213, 1216 (6th Cir.1997).

In his affidavit, Deputy Chisam stated that during his association with Informant Number Two he found him to be "honest, trustworthy and an upstanding citizen, taking part in civil activities...." Murray alleges Informant Number Two used and dealt methamphetamine, and suffered from auditory and visual hallucinations, and therefore Deputy Chisam's statement was intentionally or recklessly false. As Murray recognizes, however, Deputy Chisam testified he was unaware that Informant Number Two allegedly suffered any psychiatric problems or that he used illegal

drugs. In response, Murray asserts that this statement is nevertheless misleading "in the sense the affidavit is clearly trying to convey that the second informant is well known to him and that his characterization of the informant can be relied upon by the Sessions Court Judge." Brief for Appellant at 17. While this likely describes Deputy Chisam's intention, it wholly fails to establish that Chisam knew, or had any reason to suspect, the statement was false. Therefore, Murray's request for a *Franks* hearing must fail.

### B.

■ This court reviews the district court's refusal to order disclosure of an informant for abuse of discretion. *United States v. Jenkins*, 4 F.3d 1338, 1341 (6th Cir.1993). The government enjoys a qualified privilege not to disclose the identity of confidential informants. *Roviaro v. United States*, 353 U.S. 53, 60–61, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); *In re Grand Jury Investig.*, 922 F.2d 1266, 1270 (6th Cir. 1991). However, "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Roviaro*, 353 U.S. at 60–61, 77 S.Ct. 623. In determining whether disclosure is justified, the precepts of fundamental fairness require balancing of "[t]he public interest in protecting the flow of information against the individual's right to prepare his defense." *In re Grand Jury*, 922 F.2d at 1270 (quoting *Roviaro*, 353 U.S. at 62, 77 S.Ct. 623).

At the very most, disclosing Informant Number Two's identity might confirm Murray's suspicions regarding the informant's alleged drug use and purported psychiatric problems. But this information would still not establish that Deputy Chisam knowingly or recklessly misrepre-

sented the informant's status as an "upstanding citizen." In light of the public's substantial interest in protecting the identity of informants, the district court correctly refused to order disclosure of Informant Number Two's identity.

### III.

For the foregoing reasons, we affirm Murray's conviction.