United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 29, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-60622
Summary Calendar

LEONARD MURRAY,

Petitioner-Appellant,

versus

CONSTANCE REESE,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:06-CV-9
--------------------

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Leonard Murray, federal prisoner # 17845-074, was convicted in the United States District Court for the Eastern District of Tennessee of conspiracy to manufacture methamphetamine and possession of a firearm in furtherance of a drug trafficking offense and sentenced to 248 months of imprisonment. Murray's conviction and sentence were affirmed on appeal. United States v. Murray, 35 F. App'x 125, 128 (6th Cir. 2002). Murray subsequently filed a motion in the Eastern District of Tennessee

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, based on ineffective assistance of counsel.

In January 2006, Murray filed an application for habeas relief pursuant to 28 U.S.C. § 2241 in the Southern District of Mississippi, the district in which he is incarcerated. He appeals the district court's dismissal of the petition for lack of jurisdiction.

The district court, as the place of Murray's incarceration, can exercise jurisdiction only over a properly filed § 2241 petition that challenges the manner in which a sentence is executed. See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001). This court has held that "a § 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452. However, a petitioner can attack the validity of his conviction in a § 2241 petition, but only if he can meet the requirements of the "savings clause" of § 2255. Reyes-Requena, 243 F.3d at 878. To meet the requirements of the "savings clause," the petitioner must show that his remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." § 2255; Reyes-Requena, 243 F.3d at 901.

Murray's § 2241 challenges the validity of the sentence itself, not the manner in which the sentence was executed. Consequently, the district court was without jurisdiction to entertain Murray's claims unless Murray could demonstrate that

they fell within the "savings clause" of § 2255. Murray's claim based on *United States v. Booker,* 543 U.S. 220 (2005), does not fall within § 2255 savings clause. *Padilla v. United States*, 416 F.3d 424, 426-27 (5th Cir. 2005). Accordingly, the judgment of the district court dismissing Murray's § 2241 petition for want of jurisdiction is AFFIRMED.