

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-10-2006

# Sanford v. Nash

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3124

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Sanford v. Nash" (2006). *2006 Decisions.* Paper 1279.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1279

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-366                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-3124
_____

RONALD E. SANFORD,

Appellant

v.

WARDEN JOHN NASH

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.N.J. Civ. No. 05-cv-2396)
District Judge: Honorable Jerome B. Simandle
_____

Submitted for Possible Summary Action under
Third Circuit LAR 27.4 and I.O.P. 10.6
September 9, 2005

Before: ROTH, BARRY AND SMITH, <u>CIRCUIT JUDGES</u>

(Filed April 10, 2006)

_____

OPINION
_____

PER CURIAM:

Ronald Sanford appeals the District Court's order dismissing his petition filed pursuant to 28 U.S.C. § 2241. In his petition, Sanford alleged that the 123-month sentence imposed following his guilty plea for arson and mail fraud is invalid under United States v. Booker, 125 S.Ct. 738 (2005). The District Court dismissed the petition for lack of jurisdiction. Sanford filed a timely notice of appeal, and we have jurisdiction under 28 U.S.C. § 1291.

Our review of the District Court's decision is de novo. United States v. Cleary, 46 F.3d 307, 309-10 (3d Cir. 1995). Sanford's § 2241 petition may not be entertained unless a motion under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. Sanford argued that his case falls within the exception set forth in In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). However, unlike the situation in In re Dorsainvil, the decision in Booker did not decriminalize the conduct for which Sanford was convicted. See Okereke v. United States, 307 F.3d 117, 120-21 (3d Cir. 2002). We agree with the District Court that it lacked jurisdiction over Sanford's § 2241 petition. See also Padilla v. United States, 416 F.3d 424 (5th Cir. 2005).

Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order. See Third Circuit I.O.P. 10.6.