United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 21, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40336
Conference Calendar

JULIUS WARNER MARACALIN,

Petitioner-Appellant,

versus

MARVIN D. MORRISON, Warden,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:03-CV-631
--------------------

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Julius Warner Maracalin, federal prisoner # 02617-095, pleaded guilty to multiple counts of conspiracy to possess cocaine base with intent to distribute and distribution of cocaine base and was sentenced to 235 months of imprisonment. Maracalin challenges his underlying conviction and sentence by arguing that: (1) he was not advised of the nature of charges against him during the guilty-plea colloquy in violation of FED. R. CRIM. P. 11(c)(1); (2) he was arrested pursuant to a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

non-existent indictment and thus the prosecutor, arresting officers, and the court committed fraud; (3) he was sentenced in violation of the Supreme Court's ruling in Apprendi v. New Jersey, 530 U.S. 466 (2000); (4) his indictment should be dismissed because it failed to allege that he was being charged pursuant to the penalty provision of 21 U.S.C. § 841(b)(1)(C); (5) the use of judicially-found facts in determining his sentence violates the Supreme Court's ruling in United States v. Booker, 543 U.S. 220 (2005); (6) Apprendi applies retroactively to his case; and (7) his indictment should be dismissed because it failed to charge a drug quantity.

Although Maracalin seeks to proceed under 28 U.S.C. § 2241 pursuant to the savings clause of 28 U.S.C. § 2255, he has not shown that the remedy available under § 2255 is inadequate or ineffective. See Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). To the extent Maracalin argues that the Booker or Apprendi lines of authority apply retroactively to cases on collateral review and entitle him to file a § 2241 petition, his argument is unavailing in light of Padilla v. United States, 416 F.3d 424, 426-27 (5th Cir. 2005).

AFFIRMED.