United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-11291
Conference Calendar

_____

ROBERTO MARTINEZ,

                                        Petitioner-Appellant,

versus

DAN JOSLIN,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CV-636
--------------------

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

    Roberto Martinez, federal prisoner #28733-077, seeks leave

to proceed in forma pauperis (IFP) to appeal the dismissal of his

28 U.S.C. § 2241 petition challenging the sentence he received

for conspiracy to possess and distribute methamphetamine.  The

district court denied IFP, certifying that the appeal was not

taken in good faith.  By moving for leave to proceed IFP,

Martinez is challenging the district court's certification

decision.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1997); FED. R. APP. P. 24(a)(5).  However, Martinez has not demonstrated any nonfrivolous ground for appeal.

Martinez argues that his sentence is invalid in light of Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005).  As the district court determined, because Martinez's petition challenges errors that occurred at sentencing, it should not have been brought as a § 2241 petition. See Padilla v. United States, 416 F.3d 424, 426-27 (5th Cir. 2005).  Martinez's argument that he is entitled to proceed under § 2241 based on the savings clause of 28 U.S.C. § 2255 because relief under that section is "inadequate or ineffective" is unavailing.  Id. at 427 (holding that a claim under Booker does not fit within the savings clause of § 2255).

The IFP motion is DENIED, and the appeal is DISMISSED as frivolous.  See Baugh, 117 F.3d at 202; 5TH CIR. R. 42.2.