United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 22, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-10441
Summary Calendar

_____

RONNIE THOMAS,

Petitioner-Appellant,

versus

COLE JETER, Warden,
Federal Medical Center Fort Worth,

Respondent-Appellee.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:04-CV-801
---------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Ronnie Thomas, federal prisoner # 09024-031, appeals the
district court's decision to dismiss his 28 U.S.C. § 2241
petition for a writ of habeas corpus for lack of jurisdiction.
Thomas argued in his § 2241 petition that the sentences imposed
following his guilty-plea convictions of possessing with the
intent to distribute marijuana and misprision of a felony were
invalid. Thomas's numerous claims were based on Apprendi v. New

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005).

Thomas's § 2241 petition alleged errors that occurred at sentencing. Such errors may not be asserted in a § 2241 petition. See Padilla v. United States, 416 F.3d 424, 426-27 (5th Cir. 2005). Thomas has not shown that his claims satisfy the mandates of the savings clause of 28 U.S.C. § 2255. See Padilla, 416 F.3d at 426-27; Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001). Thomas's contention that the district court's application of the savings clause violates the Suspension Clause of the United States Constitution is foreclosed. See Wesson v. United States Penitentiary Beaumont, Tex., 305 F.3d 343, 346 (5th Cir. 2002); Reyes-Requena, 243 F.3d at 901 n.19. Thomas's argument that the AEDPA's restrictions on successive § 2255 motions violate the Suspension Clause lacks merit. Cf. Felker v. Turpin, 518 U.S. 651, 664 (1996) (holding that successive-petition restrictions in 28 U.S.C. § 2244(b) do not violate the Suspension Clause).

Thomas's argument that the district court should have considered his claims under its inherent powers because they do not constitute a collateral attack on his sentence is inadequately briefed and lacks merit. See United States v. Reyes, 300 F.3d 555, 558 n.2 (5th Cir. 2002). Thomas's suggestion that the errors in his case were structural and should override all statutory restrictions has been rejected by this

court.  See United States v. Malveaux, 411 F.3d 558, 560 n.9 (5th Cir.), cert. denied, 126 S. Ct. 194 (2005).

The district court did not err in dismissing Thomas's § 2241 petition for lack of jurisdiction.  See Christopher v. Miles, 342 F.3d 378, 385 (5th Cir. 2003).  As the district court lacked jurisdiction to consider Thomas's substantive claims, we need not consider them on appeal.

The judgment of the district court is AFFIRMED.