United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 05-31117
Conference Calendar

———————————

JOE ALLAN BOUNDS,

                                        Plaintiff-Appellant,

versus

J. P. YOUNG; ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:05-CV-232
--------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Joe Allan Bounds, federal prisoner # 18363-077, appeals the

district court's dismissal of his 28 U.S.C. § 2241 habeas

petition for want of jurisdiction. Bounds was convicted of

conspiracy to manufacture phenylacetone and methamphetamine,

manufacturing amphetamine and phenylacetone, use of a firearm

during and in relation to a drug trafficking offense, and

possession of a firearm by a convicted felon. He was sentenced

to a total of 324 months of imprisonment.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Bounds's § 2241 petition challenged the constitutionality of his conviction and sentence in light of <u>United States v. Booker</u>, 543 U.S. 220 (2005).  The errors asserted by Bounds may not be raised in a § 2241 petition unless they arise under the savings clause of 28 U.S.C. § 2255.  <u>See</u> <u>Tolliver v. Dobre</u>, 211 F.3d 876, 877-78 (5th Cir. 2000).  Claims based on <u>Booker</u> do not fall under the savings clause of § 2255.  <u>Padilla v. United States</u>, 416 F.3d 424, 426-27 (5th Cir. 2005).

Accordingly, the district court's judgment is AFFIRMED.