United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41313
Conference Calendar

_____

MELVIN DEWAYNE SMITH,

                              Petitioner-Appellant,

versus

UP CHILDRESS, Warden,

                              Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:05-CV-520
--------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Melvin DeWayne Smith, federal prisoner # 66584-079, appeals
the district court's dismissal of his 28 U.S.C. § 2241 petition
challenging his guilty-plea conviction and sentence for engaging
in a continuing criminal enterprise to possess with intent to
distribute controlled substances.  Smith's motion for
supplementation of brief is granted.

    Smith argues that his sentence violated his Sixth Amendment
rights as set forth in United States v. Booker, 543 U.S. 220
(2005), because it was enhanced based upon facts not alleged in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the indictment, mentioned in the plea agreement, admitted by him, or proven to a jury. The decision in <u>Booker</u> does not apply retroactively to cases on collateral review, and a <u>Booker</u> claim does not satisfy the test for filing a § 2241 petition under the savings clause of 28 U.S.C. § 2255. <u>Padilla v. United States</u>, 416 F.3d 424, 427 (5th Cir. 2005).

For the first time on appeal, Smith argues that his conviction was improper under <u>Richardson v. United States</u>, 526 U.S. 813 (1999), and that this claim may be brought in a § 2241 petition under the savings clause of § 2255. This newly raised legal claim is not reviewable for the first time on appeal. <u>See</u> <u>Leverette v. Louisville Ladder Co.</u>, 183 F.3d 339, 342 (5th Cir. 1999). Smith raised his <u>Richardson</u> claim in this court in his appeal from the denial of his previous § 2241 petition. We warn Smith that filing future repetitive appeals will subject him to sanctions.

AFFIRMED; MOTION FOR SUPPLEMENTATION OF BRIEF GRANTED; SANCTION WARNING ISSUED.