United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-50482
Conference Calendar
_____

ROBERT LOPEZ,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:05-CV-124
--------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Robert Lopez, federal prisoner # 28088-180, seeks leave to
proceed in forma pauperis (IFP) to appeal the dismissal of his
28 U.S.C. § 2241 petition challenging his conviction and sentence
for mail fraud. The district court denied IFP, certifying that
the appeal was not taken in good faith. By moving for leave to
proceed IFP, Lopez is challenging the district court's
certification decision. See Baugh v. Taylor, 117 F.3d 197, 202
(5th Cir. 1997); FED. R. APP. P. 24(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Lopez seeks to challenge his conviction and alleged sentencing errors, a 28 U.S.C. § 2255 motion was the appropriate vehicle to raise the claims. See Padilla v. United States, 416 F.3d 424, 425-26 (5th Cir. 2005). Lopez does not argue that the remedy provided under § 2255 is inadequate or ineffective to test the legality of his detention. See id. He therefore has not established that his claims may be entertained under the savings clause of § 2255. See Wesson v. U.S. Penitentiary Beaumont, TX, 305 F.3d 343, 347 (5th Cir. 2002). Additionally, to the extent that Lopez is attempting to assert a Booker claim in his § 2241 petition, Booker does not fall within § 2255's savings clause because it is not retroactively applicable to cases on collateral review. Padilla, 416 F.3d at 426-27. The district court thus did not err in denying Lopez's § 2241 application.

Lopez has not demonstrated any nonfrivolous ground for appeal. Accordingly, his IFP motion is DENIED, and the appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202; 5TH CIR. R. 42.2.