United States Court of Appeals
Fifth Circuit

**F I L E D**

July 8, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 04-50567

PEDRO PADILLA

Petitioner-Appellant,

VERSUS

UNITED STATES OF AMERICA;

Respondent-Appellee

Appeal from the United States District Court
For the Western District of Texas

Before DAVIS and DENNIS, Circuit Judges and LEMELLE, District
Judge.[*]

PER CURIAM:

Petitioner-Appellant Pedro Padilla (federal prisoner # 58943-004) is currently incarcerated in Anthony, Texas. Padilla filed a 28 U.S.C. § 2241 petition in the Western District of Texas alleging that the convicting district court improperly enhanced his sentence by two levels for possession of a deadly weapon. The district court dismissed Padilla's § 2241 petition on the grounds that Padilla's petition was properly construed as a § 2255 petition and: (1) Padilla had not obtained permission from this court to file a

---

[*] District Judge of the Eastern District of Louisiana, sitting by designation.

1

successive § 2255 motion, and (2) even if he had obtained permission, Padilla needed to file the motion in the sentencing court—the federal district court for the Southern District of Florida. Padilla timely appealed. We affirm the district court's ruling.

## I. Background

Padilla pleaded guilty in the Southern District of Florida to conspiracy to possess with intent to distribute cocaine and was sentenced to a 108-month term of imprisonment. The Eleventh Circuit Court of Appeals affirmed his conviction and sentence. 214 F.3d 1356 (11th Cir. 2000). On March 27, 2003, the federal district court for the Southern District of Florida dismissed Padilla's § 2255 motion as time-barred and alternatively on the merits, and the Eleventh Circuit denied Padilla a certificate of appealability.

On May 5, 2004, Padilla submitted a § 2241 petition to the federal district court for the Western District of Texas, arguing that the Government failed to abide by the plea agreement it had signed, and making a claim under Blakely v. Washington, 124 S.Ct. 2531 (2004), that the "convicting district court improperly enhanced his sentence by two levels for possession of a deadly weapon." The district court determined that § 2255 was "the appropriate vehicle" for Padilla's claims because Padilla had "not demonstrated that the remedy provided for under § 2255 [wa]s

2

inadequate or ineffective to test the legality of his detention," and therefore construed Padilla's § 2241 petition as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to § 2255. Because Padilla had not obtained Court of Appeals permission to file a successive § 2255 claim and the Southern District of Florida, as the sentencing court, would be the appropriate court in which to file such a petition, the district court dismissed Padilla's claim.

## II. Analysis

In reviewing the denial of habeas relief, we review a district court's findings of fact for clear error and rulings on issues of law de novo. Ojo v. INS, 106 F.3d 680, 681 (5th Cir. 1997). Because Padilla brought his claim under § 2241, he was not required to obtain a certificate of appealability to proceed on appeal. Id.

Section 2255 provides the primary means of "collaterally attacking a federal sentence," Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000), and is the appropriate remedy for "errors that occurred at or prior to the sentencing." Cox v. Warden, Fed. Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990) (internal quotations marks and citation omitted). Section 2241, on the other hand, is the proper procedural vehicle in which to raise an attack on "the manner in which a sentence is executed." Tolliver, 211 F.3d at 877. A petition filed under § 2241 that attacks errors that occurred at trial or sentencing is properly construed as a §

2255 motion. Id. However, a § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained under the savings clause of § 2255 if the petitioner establishes that the remedy provided under § 2255 is inadequate or ineffective to test the legality of his detention. Tolliver, 211 F.3d at 878; see also Christopher v. Miles, 342 F.3d 378, 381-82 (5th Cir. 2003).

Only the custodial court has the jurisdiction to determine whether a petitioner's claims are properly brought under § 2241 via the savings clause of § 2255. Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999). Because Padilla is incarcerated in Anthony, Texas, which is in the Western District of Texas, the district court was the appropriate court to entertain his petition pursuant to § 2241 and was the appropriate court to make the savings-clause determination. See id.; Lee v. Wetzel, 244 F.3d 370, 373-75 (5th Cir. 2001).

For his claim to fall under the savings clause of § 2255 Padilla bears the burden of affirmatively showing that the § 2255 remedy is inadequate or ineffective. See Wesson v. United States Penitentiary, Beaumont, TX, 305 F.3d 343, 347 (5th Cir. 2002). As we explained in Reyes-Requena v. United States, 243 F.3d 893 (5th Cir. 2001), the savings clause of § 2255 applies to a claim of actual innocence "(i)that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was

4

foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first § 2255 motion."  Id. at 904.

In Padilla's first argument——that the Government did not abide by his signed plea agreement——he makes no claim that the Government's alleged failure to follow the terms of the agreement somehow means that he was convicted of a nonexistent offense. Because such a showing is required under the Reyes-Requena test, Padilla's first claim does not fall under the savings clause of § 2255.

Padilla bases his second argument in support of his § 2241 petition——that his terms of imprisonment exceeded the statutory maximum for the charged offense——on the Supreme Court's decision in Blakely v. Washington, 124 S.Ct. 2531 (2004).  After Padilla submitted his brief in this court the Supreme Court decided United States v. Booker, which, as Padilla predicted in his brief, extended Blakely's holding to the federal sentencing guidelines.[1]

---

[1] In Blakely, the Supreme Court held that a Washington State sentencing procedure was unconstitutional because it permitted the imposition of a sentence above the standard range if the judge found substantial and compelling reasons existed.  Id. at 2435-40. The Blakely court noted that it had previously held in Apprendi that "'[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'"  Id. at 2536 (quoting Apprendi v. New Jersey, 530 U.S. 466, 490 (2000)).  The Blakely court clarified that "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."  Id. at 2537.  Because the enhanced sentence was imposed solely on the facts admitted in the

5

Nonetheless, despite the Supreme Court's holding in <u>Booker</u>, Padilla's claim does not fall under the savings clause of § 2255.

Prior to the Supreme Court's holdings in <u>Blakely</u> and <u>Booker</u>, we addressed a case very similar to the one at hand in <u>Wesson v. U.S. Penitentiary Beaumont, TX</u>, 305 F.3d 343 (5th Cir. 2002). There, Wesson based his savings clause argument on the Supreme Court's holding in <u>Apprendi</u>, which was the precursor to the Court's decisions in <u>Blakely</u> and <u>Booker</u>. In deciding Wesson's case, we held that Wesson's § 2241 petition raising a claim under <u>Apprendi</u> did not fall under the savings clause of § 2255 in. Wesson's claim did not fulfill the first prong of the <u>Reyes-Requena</u> test because his § 2241 claim did not assert that he was convicted of a nonexistent offense as required. The savings clause of § 2255 did not apply because "<u>Apprendi</u> has no effect on whether the facts of his case would support his conviction for the substantive offense." <u>Id.</u> at 348.

Likewise, Padilla's claim challenging the enhancement of his sentence for possession of a weapon fails to satisfy the first

___

guilty plea, the <u>Blakely</u> court held that the defendant's sentence violated the Sixth Amendment. <u>Id.</u> at 2537-38.

Recently, in <u>United States v. Booker</u>, the Supreme Court extended <u>Blakely</u>'s holding extended to the federal sentencing guidelines. 125 S.Ct. 738, 755-56 (2005). In <u>Booker</u>, the Court held that it was a violation of a defendant's Sixth Amendment right to trial by jury for the federal sentencing guidelines to impose mandatory sentence enhancements based solely on facts not found by a jury or admitted by the defendant. The Supreme Court resolved this problem by ruling that sentencing judges are not bound by the federal sentencing guidelines. 125 S.Ct. at 764.

prong of the <u>Reyes-Requena</u> test. Like <u>Apprendi</u>, <u>Booker</u>'s holding is not retroactively applicable to cases on collateral review. <u>Booker</u>, 125 S.Ct. at 738; <u>Wesson</u> 305 F.3d at 347. Moreover, Padilla's claim, like the <u>Apprendi</u> claim at issue in <u>Wesson</u>, does not demonstrate that Padilla was convicted of a nonexistent offense and has no effect on whether the facts of his case would support his conviction for the substantive offense. <u>See</u> <u>Wesson</u>, 305 F.3d at 347-48. Thus, because Padilla does not attack his conviction and his claims challenge only the validity of his sentence, Padilla's § 2241 petition does not fall within the savings clause of § 2255 and the district court properly dismissed Padilla's § 2241 petition.

AFFIRMED.