United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 14, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-51144
Conference Calendar

_____

GARY DONNELL BLEVINS,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:04-CV-317
---------------------

Before KING, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit Judges.

PER CURIAM:[*]

Gary Donnell Blevins, federal prisoner No. 10524-097, seeks leave to proceed in forma pauperis ("IFP") to appeal the dismissal of a 28 U.S.C. § 2241 petition challenging allegedly erroneous sentencing information. The district court dismissed Blevins's petition for lack of jurisdiction and denied IFP, certifying that the appeal was not taken in good faith. By moving for leave to proceed IFP, Blevins is challenging the district court's certification. See Baugh v. Taylor, 117 F.3d

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a)(5). However, Blevins has not demonstrated any nonfrivolous ground for appeal.

Blevins argues that the Bureau of Prisons ("BOP") has disregarded its procedural rules in rejecting his administrative attempts to correct his sentence. He contends that the district court erred by construing his petition under 28 U.S.C. § 2255 because 28 U.S.C. § 2241 provides the proper jurisdictional basis for him to challenge the BOP's alleged failure to correct incorrect information concerning his sentence. Blevins's challenge to the validity of the enhancement information supporting his sentence implicates United States v. Booker, 125 S. Ct. 738 (2005).

Because Blevins's petition challenges errors that occurred at sentencing, his claims should not have been brought in a 28 U.S.C. § 2241 petition. See Padilla v. United States, 416 F.3d 424, 426-27 (5th Cir. 2005). Blevins is not entitled to proceed under 28 U.S.C. § 2241 based on the savings clause of 28 U.S.C. § 2255 because claims based on Booker do not fit within the savings clause of 28 U.S.C. § 2255. See id.

The IFP motion is DENIED, and the appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202; 5TH CIR. R. 42.2.