United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 26, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-10470
Summary Calendar
_____

CLIFTON CARTER,

Petitioner-Appellant,

versus

C. O. JETER, Warden,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:04-CV-644
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Clifton Carter, a federal prisoner (# 01306-063), appeals the dismissal of his 28 U.S.C. § 2241 habeas petition challenging his 292-month prison sentence imposed for his 1991 jury trial convictions of drug-trafficking offenses. Jones contends that his sentence is unconstitutional in light of United States v. Booker, 125 S. Ct. 738 (2005), and Blakely v. Washington, 542 U.S. 296 (2004), because it was based on facts that were not proved to the jury beyond a reasonable doubt.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Carter challenges errors that occurred at sentencing, the claim may not be asserted in a 28 U.S.C. § 2241 petition. See Padilla v. United States, 416 F.3d 424, 426-27 (5th Cir. 2005). Insofar as he has suggested that he is entitled to proceed under 28 U.S.C. § 2241 based on the "savings clause" of 28 U.S.C. § 2255, because relief under the latter section is "inadequate or ineffective," such suggestion is unavailing. Id. at 427.

Carter has filed several collateral challenges to his sentence, including at least two prior 28 U.S.C. § 2241 petitions that were dismissed for failure to satisfy the savings clause of 28 U.S.C. § 2255. His pro se pleadings reflect a level of sophistication that indicates that he is well aware that his current 28 U.S.C. § 2241 petition comes no closer to satisfying those criteria. Carter's appeal is without arguable merit and is DISMISSED as frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. Carter is hereby WARNED that any future frivolous pleading under 28 U.S.C. § 2241 challenging this sentence will invite the imposition of sanctions.

APPEAL DISMISSED; SANCTION WARNING ISSUED.