United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 15, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50870
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARTIN R. GUERRERO, JR.,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:91-CR-318-1
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Martin R. Guerrero, Jr., federal prisoner # 43281-080,
appeals the district court's denial of his motion for
modification of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A),
pursuant to 28 U.S.C. § 2241, or, in the alternative, a writ of
coram nobis. He argues that the district court erred in denying
relief on his claims that (1) he is entitled to release, pursuant
to 18 U.S.C. § 3582(c)(1)(A), based on his heart condition, and
(2) his sentence is illegal because it was based on facts not
submitted to the jury and proved beyond a reasonable doubt in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

violation of Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 125 S. Ct. 738, 755-56 (2005).

Guerrero does not argue that he has an illness from which he will die within one year or that his medical condition has rendered him unable to provide self-care. Thus, he has not shown that the Bureau of Prisons abused its discretion in applying its interpretive rule restricting the application of 18 U.S.C. § 3582(c)(1)(A)(i) to inmates who have been diagnosed with medical conditions that are terminal within one year or who suffer from severely debilitating and irreversible conditions that render them unable to provide self-care. This claim is without merit.

Because Guerrero's Blakely/Booker argument seeks to challenge alleged sentencing errors, a § 2255 motion was the appropriate vehicle in which to raise the claims absent a showing that the remedy provided under § 2255 was inadequate or ineffective to test the legality of his detention. See Padilla v. United States, 416 F.3d 424, 425-26 (5th Cir. 2005). Guerrero's claims do not fall within this exception, otherwise known as § 2255's "savings clause" because Booker is not retroactively applicable to cases on collateral review. Padilla, 416 F.3d at 427. Thus, his sentencing challenge is not cognizable in a § 2241 petition. Id. The district court did not err in denying Guerrero's § 2241 petition.

Guerrero's motion to "Include Information" is treated as a motion to file a supplemental brief and is DENIED.

AFFIRMED; MOTION DENIED.