United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 11, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-10960
Conference Calendar

_____

LARRY LEE MARTIN,

                                        Petitioner-Appellant,

versus

K.J. WENDT, Warden, Federal Correctional Institution,
Seagoville, TX,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CV-220
--------------------

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

    Larry Lee Martin, federal prisoner # 04976-078, appeals the

district court's dismissal of his 28 U.S.C. § 2241 petition,

wherein he challenged his conviction for conspiracy to possess

with intent to distribute crack cocaine, in violation of 21

U.S.C. § 846, possession with intent to distribute crack cocaine,

in violation of 21 U.S.C. § 841, and using or carrying a firearm

during commission of a drug trafficking crime, in violation of 18

U.S.C. § 924(c).  Martin challenged his conviction based on

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Bailey v. United States, 516 U.S. 137 (1995), and United States v. Booker, 543 U.S. 220 (2005).

Martin argues that his challenge to the firearms offense falls within the savings clause of 28 U.S.C. § 2255 in light of Bailey and Bousley v. United States, 523 U.S. 614 (1998). He also argues that the district court abused its discretion by dismissing his Booker claim with prejudice. "[T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

Martin raised a Bailey challenge to his § 924(c) conviction in his first § 2255 motion, and he has not shown that his claim was foreclosed when he sought § 2255 relief. Further, Martin's claims based on Booker are foreclosed in light of Padilla v. United States, 416 F.3d 424, 427 (5th Cir. 2005). Accordingly, the district court's judgment is AFFIRMED.