United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 6, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-11276
Summary Calendar
_____

CASSEL DIXON,

Petitioner-Appellant,

versus

COLE JETER, Warden, Federal Correctional
Institution Fort Worth,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:05-CV-181
--------------------

Before JONES, Chief Judge, and KING and DAVIS, Circuit Judges.

PER CURIAM:[*]

Cassel Dixon, federal prisoner # 12972-058, appeals from the denial of his 28 U.S.C. § 2241 petition, in which he challenged his conviction for a drug conspiracy. The district court determined that Dixon's claims would be properly raised in a 28 U.S.C. § 2255 motion and that Dixon could not proceed under § 2255's savings clause.

Dixon, through counsel, asserts that his 210-month sentence exceeded the statutory maximum pursuant to United States v. Booker,

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

543 U.S. 220 (2005), and <u>Blakely v. Washington</u>, 542 U.S. 296 (2004). He maintains that he is challenging the legality of his detention rather than his conviction because he should have been released from prison in 2000. Dixon also contends that he should be allowed to proceed under the § 2255 savings clause because <u>Booker</u> and <u>Blakely</u> are mere extensions of established law, because he is serving time for a nonexistent offense, and because his <u>Booker</u> and <u>Blakely</u> claims were foreclosed at the time of his direct appeal and first § 2255 motion.

The district court properly determined that Dixon's claims should be raised in a § 2255 motion. <u>See</u> <u>Tolliver v. Dobre</u>, 211 F.3d 876, 877-78 (5th Cir. 2000). Dixon's argument that he should be permitted to proceed under the savings clause is unavailing in light of this court's decision in <u>Padilla v. United States</u>, 416 F.3d 424, 426-27 (5th Cir. 2005).

**AFFIRMED.**