United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 2, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 06-10303
Summary Calendar

FREDERICK A. EVANS,

Petitioner-Appellant,

versus

COLE JETER, Warden, Federal Correctional Institute - Fort Worth,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CV-34
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:*

In 1998, a federal jury convicted Frederick A. Evans, now federal prisoner # 27502-044, of drug-trafficking offenses in the United States District Court for the Eastern District of Missouri, and Evans was sentenced to concurrent 325-month prison terms. He subsequently filed an unsuccessful 28 U.S.C. § 2255 motion to vacate and an unsuccessful second postconviction application in that court.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In 2006, Evans filed the instant pro se habeas petition in the Northern District of Texas, purportedly pursuant to 28 U.S.C. § 2241, challenging his sentence under United States v. Booker, 543 U.S. 220 (2005). The district court dismissed the petition, probably, although not certainly, after characterizing it as falling under § 2255. On appeal, Evans argues that the court didn't, but should've, characterized his petition as falling under § 2255. In any event, because Evans was collaterally attacking his federal sentence, rather than the manner in which it was executed, the district court should have construed his petition as under § 2255. See Padilla v. United States, 416 F.3d 424, 425-26 (5th Cir. 2005).[1] Although Evans contends that the district court then should have transferred under 28 U.S.C. § 1631[2] the recharacterized § 2255 petition to a court that had jurisdiction, presumably the district court for the Eastern District of Missouri, such a transfer would not have been "in the interest of justice," *id.*,

---

[1] There is one limited exception. "[A] § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained under the savings clause of § 2255 [as a § 2241 petition] if the petitioner establishes that the remedy provided under § 2255 is inadequate or ineffective to test the legality of his detention." Padilla, 416 F.3d at 426. Evans has made no contention that his petition should have been entertained under the "savings clause" of § 2255, and, in any event, such a contention seems meritless, see Christopher v. Miles, 342 F.3d 378, 381-82 (5th Cir. 2003).

[2] That section mandates transfer of a civil case to the proper venue when the case is dismissed for lack of jurisdiction if it is in "the interest of justice." It's unclear whether the court below dismissed Evans's petition for lack of jurisdiction, but it should have because a § 2255 motion must be brought in the district of conviction and sentence. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

given that Evans first would have to obtain authorization from the Eighth Circuit Court of Appeals to file a successive § 2255 motion in the Eastern District of Missouri. See 28 U.S.C. §§ 1631, 2255, 2244(b)(3)(A).

The judgment of the district court dismissing the petition is AFFIRMED.