United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 27, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-10155
Summary Calendar

TOMMY HAYNES,

Petitioner-Appellant,

versus

COLE JETER, Warden, Federal Correctional Institution - Fort
Worth,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CV-6
--------------------

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Tommy Haynes, federal prisoner # 25197-177, pleaded guilty

to possession with intent to distribute 50 grams or more of

amphetamine and was sentenced to 210 months of imprisonment to be

followed by three years of supervised release. Haynes challenges

his underlying conviction and sentence, arguing that the district

court erred by denying his 28 U.S.C. § 2241 petition in that it

failed to perform "an actual innocence analysis" which would have

shown that he has been incarcerated for an offense to which he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

neither pleaded guilty nor was found guilty by a jury.  Haynes also asserts that he is entitled to proceed under the savings clause of 28 U.S.C. § 2255 as he is actually innocent of the offense of which he was convicted.  Haynes seeks remand to the district court for an evidentiary hearing or resentencing.

Although Haynes seeks to proceed under § 2241 pursuant to the savings clause of § 2255, he has not shown that the remedy available under § 2255 is inadequate or ineffective.  See Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).  To the extent Haynes argues that the United States v. Booker, 543 U.S. 220 (2005), or Apprendi v. New Jersey, 530 U.S. 466 (2000), lines of authority apply retroactively to cases on collateral review and entitle him to file a § 2241 petition, his argument is unavailing in light of Padilla v. United States, 416 F.3d 424, 426-27 (5th Cir. 2005).  Haynes is hereby warned that submitting repetitive or frivolous filings in the future will invite the imposition of sanctions.

AFFIRMED; SANCTION WARNING ISSUED.