

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-6-2007

# Adams v. Schultz

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2838

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Adams v. Schultz" (2007). *2007 Decisions.* Paper 256.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/256

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-9                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07- 2838
_____

TIMOTHY ADAMS,
Appellant

v.

PAUL SCHULTZ, Warden

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 07-cv-02133)
District Judge:  Honorable Renee Marie Bumb

_____

Submitted for Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 12, 2007
Before:   MCKEE, RENDELL and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed:   November 6, 2007)
_____

OPINION
_____

PER CURIAM

    Timothy Adams appeals the District Court's dismissal of a habeas corpus petition

he filed pursuant to 28 U.S.C. § 2241.  For the following reasons we will affirm.

    In 1995 Adams was convicted in the United States District Court for the Middle

District of North Carolina of conspiracy to distribute "crack" cocaine.  After the Fourth

Circuit Court of Appeals affirmed, in 1997 Adams filed a motion pursuant to 28 U.S.C. § 2255 challenging his conviction and sentence. The District Court denied the motion and the Fourth Circuit Court of Appeals declined to issue a certificate of appealability. Adams then filed various additional motions challenging his conviction and sentence, all without success. Once again, the Fourth Circuit Court of Appeals affirmed.

Adams next tried his luck in the United States District Court for the District of New Jersey, filing a Complaint for Independent Action under 28 U.S.C. § 1331 and two habeas corpus petitions pursuant to 28 U.S.C. § 2241. These too were unsuccessful.

Undeterred, in 2007 Adams filed yet another § 2241 petition, this time arguing that in light of United States v. Booker, 543 U.S. 220 (2005), he is actually innocent of the aggravated substantive offense because the facts on which the enhancement of his sentence was based were not found by the jury beyond a reasonable doubt. Adams states, inter alia, that he resorted to § 2241 because § 2255 is inadequate or ineffective in not providing "a remedy to accommodate a fundamental change in law which shows that Adams is 'actually innocent' of the conviction and sentence."

The District Court disagreed, explaining that § 2255 is the presumptive means for collaterally challenging a federal conviction or sentence unless § 2255 proves "inadequate or ineffective;" and that § 2255 is not rendered inadequate or ineffective merely by AEDPA's restrictions on filing second or successive § 2255 motions. Rather, to proceed under § 2241 the petitioner must show that he had "no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." In re

2

Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).  The District Court further explained that no intervening law has decriminalized the actions on which Adams' conviction was based and that the case on which he relies, Booker, does not apply retroactively to cases on collateral review.  Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005).  Finding no other basis for exercising jurisdiction under § 2241, the District Court dismissed Adams' petition.  This appeal followed.[1]

We agree with the reasoning of the District Court.  Adams attempts to fit his claim into the Dorsainvil exception by arguing that in light of Booker he is actually innocent of his enhanced sentence.  However, even if retroactivity were not a problem, such a claim does not fit the Dorsainvil exception because it "does not demonstrate that [the petitioner] was convicted of a nonexistent offense and has no effect on whether the facts of his case would support his conviction for the substantive offense."  Padilla v. United States, 416 F.3d 424, 427 (5th Cir. 2005).

In short, the appeal does not present a substantial issue.  Accordingly, we will summarily affirm the judgment of the District Court.

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the District Court's judgment de novo.  Okereke v. United States, 307 F.3d 117 (3d Cir. 2002).