# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 25, 2008

Charles R. Fulbruge III
Clerk

No. 06-30885
Summary Calendar

———————

WILLIAM M BRYSON, JR

Petitioner-Appellant

v.

FREDRICK MENIFEE

Respondent-Appellee

_____

Consolidated with
No. 07-30409

_____

WILLIAM M BRYSON, JR

Petitioner-Appellant

v.

UNITED STATES OF AMERICA; TIMOTHY S SLICE

Respondents-Appellees

————————————

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 1:06-CV-366
USDC No. 1:06-CV-1426

————————————

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

In this consolidated appeal, William M. Bryson, Jr., federal prisoner # 95662-071, appeals the denial of his 28 U.S.C. § 2241 petition and the denial of a series of pro se pleadings, which the district court also construed as requests for § 2241 relief. In both cases, the district court held that the claims raised by Bryson, which attacked his conviction and sentence, were more properly raised via 28 U.S.C. § 2255 and, because Bryson was unable to show the § 2255 remedy inadequate, he was ineligible to proceed via § 2241. The pertinent issue before us therefore is whether the district court erred in determining that to the extent Bryson's claims attacked his conviction and the imposition of his sentence, he has failed to show the § 2255 remedy inadequate,.

The only argument Bryson arguably makes with regard to the pertinent issue on appeal is one contending that the district court erred in construing his 18 U.S.C. § 3582(c)(2) motion as raising habeas claims. In that motion, he raised a sentencing-error claim, arguing that the district court sentenced him under the wrong edition of the Sentencing Guidelines. Bryson's sentencing-error claim is not cognizable under § 3582(c), which provides for modification of a defendant's sentence only if he was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. § 3582(c)(2). The sentencing-error claim was properly construed by the district court as a request for collateral relief. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Errors that purportedly occurred at sentencing may not be asserted under § 2241 unless they arise under the savings clause of § 2255. Padilla v. United States, 416 F.3d 424, 426-27 (5th Cir. 2005). Bryson

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

has made no showing that his claim arises under the savings clause of § 2255. Consequently, he has not shown any error on the part of the district court in denying his request for relief.

Bryson additionally asks us to rule on the propriety of the district court's denial of a second, but identical, § 3582(c)(2) motion on January 9, 2007. That motion was summarily denied after the appeal of Bryson's § 2241 petition had been docketed in this court. Consequently, the appeal of that order is not before us.

AFFIRMED.