# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-30893
Conference Calendar

BILLY LAMPTON

Petitioner-Appellant

v.

FREDRICK MENIFEE

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:07-CV-628

Before JONES, Chief Judge, and JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

Billy Lampton, federal prisoner # 25078-034, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition challenging the sentence imposed following his conviction for distribution of heroin, fraudulent use of a telecommunications instrument, and engaging in a continuing criminal enterprise. Lampton argues that the prior Louisiana felony convictions used to enhance his sentence under 21 U.S.C. § 841(b)(1) were insufficient to support the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

enhancement under Lopez v. Gonzales, 549 U.S. 47 (2006), because the convictions would have been misdemeanor convictions under federal law. He maintains that Lopez is retroactively applicable. He asserts that his claim is cognizable in a § 2241 petition under the savings clause of 28 U.S.C. § 2255(e) because it shows that he is actually innocent of the sentence enhancement. As Lampton is challenging only his sentence and not his conviction, his claim does not fall within the savings clause of § 2255(e) and is not cognizable in a § 2241 petition. See Padilla v. United States, 416 F.3d 424, 427 (5th Cir. 2005).

AFFIRMED.