# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 31, 2011

No. 10-41244
Summary Calendar

Lyle W. Cayce
Clerk

WILLIE B. JEFFERSON,

Petitioner - Appellant

v.

WARDEN FOX,

Respondent - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:10-CV-366

Before KING, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Willie B. Jefferson, federal prisoner #61002-079, challenges the denial of his petition for habeas corpus relief under 28 U.S.C. § 2241 to correct an alleged sentencing error. Jefferson contends that his sentence is unconstitutional because his criminal history score was incorrectly calculated. He argues that § 2241 relief is appropriate because he obtained the dismissal of the charges in state court as to one of his convictions and that 28 U.S.C. § 2255 provides an inadequate remedy due to the requirements of the Antiterrorism and Effective

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-41244

Death Penalty Act (AEDPA).  He has twice been denied habeas relief under § 2255.  Jefferson further asserts that the sentencing court erred by denying his motion for sentence correction nunc pro tunc and that his § 2241 motion was intended to correct that denial and obtain nunc pro tunc relief in a court that had jurisdiction to grant it.

Relief under § 2241 "is typically used to challenge the manner in which a sentence is executed." *Reyes-Requena v. United States*, 243 F.3d 893, 900 (5th Cir. 2001).  Relief under § 2255, however, is the primary means for a federal prisoner to "collaterally attack the legality of his conviction or sentence." *Id*. at 901.  Here, Jefferson attacks the legality of his sentence.  He may only utilize § 2241 to challenge the legality of his sentence if he can satisfy § 2255's "savings clause." *Id*.  The savings clause of § 2255(e) applies to a claim of actual innocence "(i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first § 2255 motion." *Id*. at 904.  Jefferson does not argue that he is actually innocent; rather, he challenges the calculation of his criminal history score, claiming in part that he is actually innocent of one of the offenses used in that calculation.  The § 2255(e) savings clause is inapplicable to Jefferson's § 2241 petition.  *See Padilla v. United States,* 416 F.3d 424, 426-27 (5th Cir. 2005).

To the extent Jefferson also challenges the denial of a motion for nunc pro tunc relief in another proceeding in another district court, the district court was without jurisdiction to directly review the decision of another district court.  *See* 28 U.S.C. § 1291 (providing that courts of appeals have jurisdiction over appeals from district courts).

AFFIRMED.