**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 24, 2012

Lyle W. Cayce
Clerk

No. 11-41399
Summary Calendar

STEVE STAPLETON,

Petitioner-Appellant

v.

JOHN B. FOX, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:11-CV-340

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Steve Stapleton appeals the dismissal of a 28 U.S.C. § 2241 petition
challenging his 210-month sentence for two counts of being a felon in possession
of a firearm.  Stapleton argued that he was actually innocent of being a career
offender and that as a result, his sentence exceeds the statutory maximum.

As a general rule, a federal prisoner who seeks to collaterally challenge the
legality of his conviction or sentence must file a 28 U.S.C. § 2255 motion.
*Padilla v. United States*, 416 F.3d 424, 426-27 (5th Cir. 2005).  Such claims may

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

be raised in a § 2241 petition under the savings clause of § 2255(e) only if the prisoner shows that the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." § 2255(e).

Stapleton has not made such a showing because he has not established that his claims are based on a retroactively applicable Supreme Court decision establishing that he was convicted of a nonexistent offense. *See Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Moreover, a claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241. *See Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000); *see also Padilla*, 416 F.3d at 426-27. Stapleton has not shown that he is entitled to proceed under § 2241 based on the savings clause of § 2255(e).

The judgment of the district court is AFFIRMED.