# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 29, 2012

No. 12-40588
Summary Calendar

Lyle W. Cayce
Clerk

PABLO SALINAS BRITO,

Petitioner - Appellant

v.

JODY R. UPTON, Warden,

Respondent - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:11-CV-316

Before BARKSDALE, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

In 1996, Pablo Salinas Brito, federal prisoner # 64441-080, was convicted of: engaging in a continuing criminal enterprise (CCE); conspiracy to import marijuana; possession with intent to distribute marijuana; conspiracy to commit money laundering; and money laundering. Brito appeals the denial of his 28 U.S.C. § 2241 petition challenging his CCE conviction and the imposed-sentence. He claims: insufficient evidence to support his conviction; district-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court error in treating the offense-elements as sentencing factors; and actual innocence of unspecified enhancements to his sentence.

A federal prisoner who seeks to collaterally challenge the legality of his conviction or sentence must file a 28 U.S.C. § 2255 motion. *Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005). (Brito's § 2255 motion, filed in 1998, was denied; our court, in 2002, denied a certificate of appealability.) Such claims may be raised in a § 2241 petition under § 2255(e)'s savings clause only if the prisoner shows the § 2255 remedy is "inadequate or ineffective to test the legality of his detention". 28 U.S.C. § 2255(e).

Brito did not brief any challenge to the district court's determination that he failed to show his claims were based on a Supreme Court decision establishing he might have been convicted of a nonexistent offense, as required by *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Failure to identify an error in the district court's analysis is equivalent to appellant's not appealing that issue. *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Although *pro se* briefs are afforded liberal construction, *pro se* litigants must brief claims to preserve them. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Because Brito has not challenged the district court's reasons for determining he is not entitled to proceed under § 2255's savings clause, any such contentions are abandoned.

AFFIRMED.