# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 5, 2013

No. 12-40929
Summary Calendar

Lyle W. Cayce
Clerk

BILLY D. DAVIS,

Petitioner-Appellant

v.

JOHN B. FOX, Warden, Beaumont USP,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:12-CV-235

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Billy D. Davis, federal prisoner # 80388-008, was convicted by a jury of conspiracy to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 846. The district court's sentence of 360 months in prison was later reduced to 262 months. Davis now appeals the dismissal of his 28 U.S.C. § 2241 petition challenging his conviction and sentence. Davis challenges the validity of our decision in *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review a district court's dismissal of a § 2241 petition de novo. *Padilla v. United States*, 416 F.3d 424, 425 (5th Cir. 2005). A federal prisoner who seeks to challenge the legality of his conviction or sentence must generally file a § 2255 motion. *Id.* at 425-26. However, if the federal prisoner can show that § 2255 is "inadequate or ineffective," he may challenge the legality of his conviction or sentence in a § 2241 petition. § 2255(e); *see Reyes-Requena*, 243 F.3d at 901.

Davis has not shown that his claims are "based on a retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense . . . that was foreclosed by circuit law at the time when the claim should have been raised in [his] trial, appeal, or first § 2255 motion." *Reyes-Requena*, 243 F.3d at 904. Further, his challenge to Reyes-Requena is unavailing: One panel of this court may not overrule another panel absent an intervening en banc decision of this court or a decision of the Supreme Court, even if the panel disagrees with the prior panel's holding. *In re Entringer Bakeries, Inc.*, 548 F.3d 344, 348-49 (5th Cir. 2008). Accordingly, the district court's judgment dismissing Davis's § 2241 petition is AFFIRMED.