# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 19, 2013

No. 13-10280
Summary Calendar

Lyle W. Cayce
Clerk

RODOLFO CASTILLO, JR.,

Petitioner-Appellant

v.

WARDEN RODNEY CHANDLER,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CV-104

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Rodolfo Castillo, Jr., federal prisoner # 38109-177, appeals the dismissal of his 28 U.S.C. § 2241 petition challenging the 170-month sentence he received following his guilty plea conviction for conspiracy to possess with intent to distribute 500 grams or more of a substance containing cocaine. Castillo asserts that he is actually innocent of the relevant conduct used to ascertain the pertinent drug quantity for sentencing purposes, that he should be held responsible for only the 500 grams alleged in the indictment, and that he is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

entitled to immediate release. The district court concluded that Castillo's claims were more properly raised under 28 U.S.C. § 2255 and dismissed the petition.

As a general rule, a federal prisoner who seeks to collaterally challenge the legality of his conviction or sentence must file a § 2255 motion. *Padilla v. United States*, 416 F.3d 424, 426-27 (5th Cir. 2005). Such claims may be raised in a § 2241 petition under the savings clause of § 2255(e) only if the prisoner shows that the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." § 2255(e). Castillo has not made such a showing, as he has not established that his claim is based on a retroactively applicable Supreme Court decision establishing that he was convicted of a nonexistent offense. *See Padilla*, 416 F.3d at 426-27; *Wesson v. U.S. Penitentiary Beaumont, TX*, 305 F.3d 343, 348 (5th Cir. 2002); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Because Castillo is not entitled to relief, the judgment of the district court is AFFIRMED.