# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 18, 2013

Lyle W. Cayce
Clerk

No. 13-10256
Summary Calendar

MICHAEL LEWIS,

Petitioner-Appellant

v.

WARDEN CHANDLER,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CV-53

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Michael Lewis appeals the district court's dismissal of a 28 U.S.C. § 2241 petition he filed challenging his 240-month sentence for distributing cocaine base. In that petition, Lewis argued, pursuant to *United States v. Booker*, 543 U.S. 220 (2005), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), that he should have been held accountable only for the amount of drugs alleged in the indictment. He asserted that he was actually innocent of his sentence because it was based on drug amounts neither admitted by him nor found beyond a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reasonable doubt by a jury. He also asserted that his sentence was erroneously enhanced based on unproven conduct that was unrelated to his offense.

On appeal, Lewis reiterates the merits of his habeas claims. Lewis raises only one argument challenging the district court's grounds for dismissing his petition. He complains that the court failed to give reasons for finding that it lacked jurisdiction to consider his claims. That argument lacks merit. The district court clearly indicated that it was dismissing Lewis's petition for lack of jurisdiction because his claims arose under 28 U.S.C. § 2255 and Lewis had not established his eligibility to proceed under the savings clause in § 2255(e).

As a general rule, a federal prisoner who seeks to collaterally challenge the legality of his conviction or sentence must file a § 2255 motion. *Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005). Such claims may be raised in a § 2241 petition under the savings clause of § 2255(e) only if the prisoner shows that the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." § 2255(e). To make that showing, the prisoner must raise "a claim of actual innocence (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001) (internal quotation marks and citation omitted).

Although Lewis asserted that he was actually innocent of his sentence based on *Booker* and *Apprendi*, neither of those decisions has been made retroactively applicable to cases on collateral review. *Padilla*, 416 F.3d at 427. Nor do those decisions have any bearing on whether the facts in Lewis's case supported his conviction of the substantive offense. *Id.* As Lewis did not establish that his § 2255 remedy was ineffective, the district court did not err in dismissing his § 2241 petition.

The judgment of the district court is AFFIRMED.

2