# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60539
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 5, 2017

Lyle W. Cayce
Clerk

CARLTON PHAROAH STROTHER,

Petitioner-Appellant

v.

B. E. BLACKMON, Warden, Federal Correctional Institution Yazoo City Low,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:16-CV-463

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Carlton Pharoah Strother, federal prisoner # 19302-045, was convicted of two counts of conspiracy, thirteen counts of aggravated identity theft, and ten counts of access device fraud. He now appeals the district court's dismissal of his 28 U.S.C. § 2241 petition. Strother argues that the Bureau of Prisons (BOP) is illegally executing his sentence by calculating his release date based on the original written judgment instead of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the orally pronounced sentence.  He characterizes the sentence as one that is "illegal and invalid" because the written judgment was "entered without jurisdiction."

We review the district court's legal determinations de novo and its factual findings for clear error.  *Padilla v. United States*, 416 F.3d 424, 425 (5th Cir. 2005).  Generally, a federal prisoner may bring a § 2241 petition only to challenge the manner in which his sentence is carried out and must seek relief under 28 U.S.C. § 2255 if he wishes to attack his conviction or sentence.  *Id.* at 425-26.  However, a federal prisoner may raise a claim in a § 2241 petition that would otherwise be appropriate in a § 2255 proceeding if he establishes that his claim falls within § 2255's savings clause.  *Id.* at 426; *see* § 2255(e).  For the savings clause to apply, Strother must establish that his claim (1) is based on a retroactively applicable Supreme Court decision which establishes that he might have been convicted of a nonexistent offense and (2) was foreclosed by circuit law at the time of his trial, direct appeal, or first § 2255 motion.  *See Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Strother's claim that his sentence, as reflected in the original written judgment, is invalid constitutes an attack on the validity of the sentence, but because he does not argue that he was convicted of a now-nonexistent offense, his claim does not fall within the savings clause.  *See Padilla*, 416 F.3d at 426-27; *Reyes-Requena*, 243 F.3d at 904.  To the extent that Strother is challenging the BOP's execution of his sentence, his challenge is cognizable in a § 2241 petition, but his argument is unavailing.  There is no error in the amended written judgment, and the BOP is not erroneously executing his sentence.

AFFIRMED.