# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
July 26, 2018

Lyle W. Cayce
Clerk

No. 17-30815
Summary Calendar

TRAMAINE MONDALE BEADLES,

Petitioner-Appellant

v.

WARDEN USP POLLOCK,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:17-CV-809

Before REAVLEY, GRAVES, and HO, Circuit Judges.

PER CURIAM:*

Tramaine Mondale Beadles, federal prisoner # 15213-031, was convicted of bank robbery by force, violence, or intimidation, and he was sentenced to a term of imprisonment of 210 months. He now appeals the district court's dismissal of his 28 U.S.C. § 2241 petition in which he argued that, in light of the decisions in *Mathis v. United States*, 136 S. Ct. 2243 (2016) and *Sharbutt v. Vasquez*, 136 S. Ct. 2538 (2016), his prior burglary convictions are no longer

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30815

categorized as violent felonies and cannot support the career offender enhancement of his sentence. He asserts that the district court erred in determining that he has not demonstrated that he was entitled to proceed under the savings clause of 28 U.S.C. § 2255(e).

Our review is de novo. *Padilla v. United States*, 416 F.3d 424, 425 (5th Cir. 2005). Under the savings clause of § 2255(e), a § 2241 petition may be considered if Beadles shows that § 2255 is "inadequate or ineffective to test the legality of his detention." § 2255(e). To satisfy § 2255(e)'s saving clause, Beadles must establish that (1) his claim is "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense," and (2) his claim was "foreclosed by circuit law at the time when the claim should have been raised in [his] trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Beadles has failed to make the requisite showing. *See id.* at 904. We have repeatedly held that challenges to the validity of a sentencing enhancement do not satisfy the savings clause of § 2255(e) *See, e.g.*, *In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011); *Padilla,* 416 F.3d at 426-27.

The judgment of the district court is AFFIRMED.