# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-30059
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 28, 2019

Lyle W. Cayce
Clerk

TIMOTHY LAMACK MUNNERLYN,

Petitioner–Appellant,

v.

SCOTT WILLIS, Warden Oakdale Correctional Complex,

Respondent–Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:18-CV-1587

Before HIGGINBOTHAM, SOUTHWICK, and WILLETT, Circuit Judges.

PER CURIAM:*

Timothy Lamack Munnerlyn, federal prisoner # 18560-018, moves for
leave to proceed in forma pauperis (IFP) in his appeal from the dismissal of his
28 U.S.C. § 2241 petition, in which he challenged his convictions and sentences
on a drug trafficking crime and possession of a firearm in furtherance of a drug
trafficking crime. To proceed IFP, Munnerlyn must demonstrate both financial

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 19-30059

eligibility and a nonfrivolous issue for appeal. FED. R. APP. P. 24(a); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). He has not met this standard.

The district court determined that Munnerlyn's claims failed to satisfy the 28 U.S.C. § 2255(e) savings clause. *See Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Munnerlyn fails to raise a nonfrivolous issue with respect to that determination through his arguments based on *United States v. Davis*, 139 S. Ct. 2319 (2019), *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Bailey v. United States*, 516 U.S. 137 (1995). *See Reyes-Requena*, 243 F.3d at 904. He likewise fails to raise a nonfrivolous issue with respect to that savings-clause determination based on an allegedly erroneous sentencing enhancement, *see Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005), or the denial of a sentence reduction under 18 U.S.C. § 3582(c)(2) allegedly promised by the Government, *see Fillingham v. United States*, 867 F.3d 531, 539 (5th Cir. 2017); *Padilla*, 416 F.3d at 426. Finally, although Munnerlyn's challenge to the execution of his sentence is cognizable under § 2241, *see Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000), his argument that he should serve a term of supervised release between his consecutive terms of imprisonment is frivolous in light of the record and the applicable law, *see* 18 U.S.C. § 3584(c); 18 U.S.C. § 3624(e).

Accordingly, Munnerlyn's request for leave to proceed IFP on appeal is DENIED, and the appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2.