# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-30127
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 4, 2019

Lyle W. Cayce
Clerk

ISSAIAH HAYES,

Petitioner-Appellant

v.

SCOTT WILLIS, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:18-CV-1558

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Issaiah Hayes, federal prisoner # 11330-027, appeals the district court's dismissal, for want of jurisdiction, of his 28 U.S.C. § 2241 petition challenging his federal sentence for conspiracy to distribute a controlled substance and use of a communications facility to distribute narcotics. He also moves for the appointment of counsel on appeal. The district court determined that Hayes's attack on his sentence—based on *Mathis v. United States*, 136 S. Ct. 2243

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30127

(2016), and *Descamps v. United States*, 570 U.S. 254 (2013)—should have been brought under 28 U.S.C. § 2255 and, further, that Hayes could not proceed under § 2241 pursuant to § 2255(e)'s savings clause. As Hayes's sentence was imposed by the Northern District of Illinois, the district court concluded that it lacked jurisdiction to review it under § 2255. We affirm.

Because Hayes attacks the legality rather than the conditions of his federal sentence, he must seek relief under § 2255, and he must do so in the court that sentenced him. *See Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005); *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). The district court accordingly lacked subject matter jurisdiction over Hayes's § 2241 petition. *See Pack*, 218 F.3d at 452. Furthermore, Hayes may not invoke § 2255(e)'s savings clause to proceed under § 2241 because neither *Mathis* nor *Descamps* establishes that he was convicted of nonexistent federal offenses. *See Reyes-Requena v. United States*, 243 F.3d 893, 901, 904 (5th Cir. 2001); § 2255(e). The district court did not err either in construing Hayes's federal petition under § 2255 or in dismissing it for lack of jurisdiction. *See Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003).

The judgment is AFFIRMED. Hayes's motion to appoint counsel is DENIED.