# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 13, 2022

Lyle W. Cayce
Clerk

No. 21-30614
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JEROME KIEFFER,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:17-CR-114-2

Before SOUTHWICK, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:*

Jerome Kieffer, federal prisoner # 37176-034, was convicted by a jury of conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371; armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d); brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-30614

§ 924(c)(1)(A); attempted armed bank robbery resulting in death, in violation of § 2113(a), (d), and (e); and causing death through the use of a firearm, in violation of § 924(j)(1). He was sentenced to life imprisonment, and his convictions and sentence were affirmed on appeal. *United States v. Kieffer*, 991 F.3d 630 (5th Cir.), *cert. denied*, 142 S. Ct. 297 (2021).

Proceeding pro se, Kieffer now appeals the district court's denial of his pro se motion for a writ of mandamus, in which he asked that the district court order the United States Attorney's Office to provide a copy of a Federal Deposit Insurance Corporation (FDIC) certificate. Kieffer asserted that the certificate was needed in support of his then-pending petition for a writ of certiorari to the Supreme Court.

A district court has jurisdiction over "any action in the nature of mandamus" seeking to compel a United States officer "to perform a duty owed to [a] plaintiff." 28 U.S.C. § 1361. The authority to issue a writ of mandamus derives from the All Writs Act (AWA), 28 U.S.C. § 1651, which grants federal courts the power to issue all writs in aid of their jurisdiction. *See In re Gee*, 941 F.3d 153, 157 (5th Cir. 2019). Under the AWA, three requirements must be met before a writ of mandamus will issue. *See United States v. Williams*, 400 F.3d 277, 280–81 (5th Cir. 2005). Relevant here, the district court concluded that Kieffer failed to show "that his right to issuance of the writ is clear and indisputable." *Id.* at 281.

Kieffer fails to challenge that determination or to identify any error with the district court's decision to deny his motion for a writ of mandamus to compel the production of the FDIC certificate. Additionally, although Kieffer asserts that he is actually innocent and that conspiracy to commit Hobbs Act robbery is not a crime of violence, those arguments do not go to whether the district court erred by denying his motion for a writ of mandamus.

No. 21-30614

Accordingly, the district court's judgment is AFFIRMED. Should Kieffer seek to raise claims "for errors that occurred at or prior to sentencing," a motion under 28 U.S.C. § 2255 is the primary means of doing so. *Padilla v. United States*, 416 F.3d 424, 425–26 (5th Cir. 2005) (internal quotation marks and citation omitted).