08-4882-cr (L); 08-4887-cr (CON); 08-4888-cr (CON); 08-4889-cr (CON)
United States of America v. Brown, et al

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of April, two thousand ten.

PRESENT: DENNIS JACOBS,
                                  **Chief Judge**,
           AMALYA L. KEARSE,
           GUIDO CALABRESI,
                                  **Circuit Judges**,

- - - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
           **Appellee**,

                                                  08-4882-cr (L);
           **-v.-**                               08-4887-cr (CON);
                                                  08-4888-cr (CON);
                                                  08-4889-cr (CON)

DAMIAN BROWN, also known as BOSSY,
FRANZ GOLDING, SHAWN PETERKIN, also
known as SHAWN JAMES, DWAYNE PALMER,
           **Defendants-Appellants**.
- - - - - - - - - - - - - - - - - - - - -X

APPEARING FOR APPELLANTS:    Allan P. Haber, New York, NY
                             (for Damian Brown); Arza
                             Feldman, Feldman and Feldman,
                             Uniondale, NY (for Franz

1

Golding); Bruce R. Bryan, Esq., Syracuse, NY (for Shawn Peterkin); David A. Ruhnke (Andrew G. Patel, law office of Andrew G. Patel, New York, NY <u>on the brief</u>), Ruhnke & Barrett, Montclair, NJ (for Dwayne Palmer).

**APPEARING FOR APPELLEES:** Jessica A. Masella (Michael Q. English, Michael D. Maimin Assistant United States Attorneys <u>on the brief</u>) Assistant United States Attorney, on behalf of Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeals from judgments of the United States District Court for the Southern District of New York (Rakoff, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgments of the district court be **AFFIRMED**.

Damian Brown, Franz Golding, Shawn Peterkin, and Dwayne Palmer appeal from judgments of conviction entered on October 2, 2008 in the United States District Court for the Southern District of New York (Rakoff, <u>J.</u>) following a two-week jury trial. Each of the four co-defendants was convicted of charges of conspiracy to distribute and possess with intent to distribute 100 kilograms or more of marijuana (Count One), <u>see</u> 21 U.S.C. § 846, of using a firearm to commit murder in relation to Count One's marijuana

2

conspiracy (Count Two), see 18 U.S.C. §§ 924(j)(1) & 2, and of using and carrying firearms during and in relation to Count One's marijuana conspiracy (Count Three), see 18 U.S.C. § 924(c)(1)(A)(iii) & 2; each was additionally convicted individually of being either a felon (Peterkin) or an alien (Brown, Golding, Palmer) in possession of a firearm (Counts Four through Seven), see 18 U.S.C. §§ 922(g)(1), 922(g)(5)(A), & 2. The appellants raise a number of challenges to their convictions and sentences.

Appellants argue that there was insufficient evidence to establish that the murder charged in Count Two was committed in relation to the marijuana conspiracy charged in Count One. "A court may overturn a conviction on this basis only if, after viewing the evidence in the light most favorable to the Government and drawing all reasonable inferences in its favor, it finds that no rational trier of fact could have concluded that the Government met its burden of proof." United States v. Triumph Capital Group, Inc., 544 F.3d 149, 158 (2d Cir. 2008) (internal quotation marks omitted). There was clearly sufficient evidence for the jury to have inferred that Peterkin was robbed of 25 pounds of marijuana and $47,000 in cash by the victim. The jury could have inferred that the purpose of the murder was to settle the dispute caused by the theft of drugs and drug

3

proceeds. "Because narcotics conspiracies are illicit ventures, disputes are frequently settled by force or the threat of force. Consequently, advancing the aim of a narcotics conspiracy can involve performing ancillary functions such as enforcing discipline and chastising rivals." United States v. Santos, 541 F.3d 63, 72 (2d Cir. 2008) (alterations, internal quotation marks, and internal citations omitted). Ample evidence supported the jury's verdict.

Brown argues that the district court erred by admitting evidence of what he characterizes as unrelated drug ownership. "We review evidentiary rulings for abuse of the district court's broad discretion, reversing only when the court has acted arbitrarily or irrationally." United States v. Nektalov, 461 F.3d 309, 318 (2d Cir. 2006) (internal quotation marks omitted). Evidence that Brown owned marijuana and scales used for weighing marijuana during the period he was alleged to have participated in a marijuana distribution conspiracy rendered more probable the fact of his membership in that conspiracy. See Fed R. Evid. 401. Brown was permitted to argue that the drugs were for his personal use or were to be sold in an unrelated scheme; such arguments go to weight, not admissibility. The district court did not err by admitting this evidence.

4

Peterkin challenges the admission of a gun found in the bathroom of his motel room during a post-arrest protective sweep. See generally Maryland v. Buie, 494 U.S. 325, 334 (1990). The officers had sufficient reasonable suspicion to perform a protective sweep of the bathroom: several suspected killers were staying in the motel and not all had been accounted for; Peterkin was arrested immediately outside his motel room; and the light in the bathroom was on. Cf. United States v. Mickens, 926 F.2d 1323, 1328 (2d Cir. 1991). Since the police were permitted to enter the bathroom and since the gun was found to have been in plain sight upon entry, it was properly seized and admitted. See Minnesota v. Dickerson, 508 U.S. 366, 375 (1993).

Palmer challenges the admission into evidence of his co-defendants' statements on the theory that they implicitly referenced him. "The crux of [the Confrontation Clause] is that the government cannot introduce at trial statements containing accusations against the defendant unless the accuser takes the stand against the defendant and is available for cross examination." United States v. Jass, 569 F.3d 47, 55 (2d Cir. 2009) (internal quotation marks omitted). "[T]he Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession with a proper limiting instruction when . . . the confession

5

is redacted to eliminate not only the defendant's name, but any reference to his or her existence." Richardson v. Marsh, 481 U.S. 200, 211 (1987). "[W]hat Bruton[ v. United States, 391 U.S. 123, 135-37 (1968),] and its progeny demand is a redaction and substitution adequate to remove the 'overwhelming probability' that a jury will not follow a limiting instruction that precludes its consideration of a redacted confession against a defendant other than the declarant." Jass, 569 F.3d at 60.

To determine if a redacted confession may be admitted, "we examine first whether [the] redacted confession indicated to the jury that the original statement contained actual names and, second, whether the redacted confession, even if the very first item introduced at trial[,] would immediately inculpate [the non-declarant defendant] in the charged crime." Jass, 569 F.3d at 61 (internal citations and quotation marks omitted). "[T]he appropriate analysis to be used when applying the Bruton rule requires that we view the redacted confession in isolation from the other evidence introduced at trial." United States v. Williams, 936 F.2d 698, 700 (2d Cir. 1991). As Palmer argues, the revised statements of Brown, Golding, and Peterkin are stilted by removal of so many appellations and the substitution of generic references ("the guy," the "other

6

person," etc.).  But the revisions did not indicate names were omitted; moreover, the redacted statements--considering each statement alone, apart from all other trial evidence including the other statements, as we must--did not immediately inculpate Palmer.  Therefore, the statements were not admitted in error with these redactions.

Finding no merit in any of the appellants' remaining arguments, we hereby **AFFIRM** the judgments of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK