# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 20, 2021

Lyle W. Cayce
Clerk

No. 20-30663
Summary Calendar

Dwayne Palmer,

*Petitioner—Appellant*,

*versus*

Calvin Johnson, *Warden, Federal Correctional Complex Pollock*,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:20-CV-761

Before Stewart, Graves, and Higginson, *Circuit Judges.*

Per Curiam:*

Dwayne Palmer, federal prisoner # 57698-054, was sentenced to 420 months of imprisonment by the United States District Court for the Southern District of New York after being convicted of conspiracy to distribute and possess with intent to distribute 100 kilograms or more of

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

marijuana, murder in connection with a drug conspiracy, use of a firearm during a drug trafficking offense, and being an alien in possession of a firearm. Palmer appealed, and the Second Circuit affirmed his convictions and sentence. *United States v. Brown*, 374 F. App'x 208 (2d Cir. 2010). He has also filed an unsuccessful 28 U.S.C. § 2255 motion. *Palmer v. United States*, No. 11-CV-8187, 2014 WL 6863492 (S.D.N.Y. Dec. 5, 2014).

Palmer then filed a 28 U.S.C. § 2241 petition, arguing that he is actually innocent of being an alien in possession of a firearm in light of the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). The district court dismissed the petition after determining that Palmer failed to satisfy the requirements of the savings clause of § 2255(e). He moved for leave to proceed in forma pauperis (IFP) on appeal from that judgment, but the district court denied the motion. Palmer now moves this court for leave to proceed IFP on appeal.

Pursuant to the Federal Rules of Appellate Procedure, this court may entertain a motion to proceed IFP when the litigant has been denied leave to proceed IFP by the district court. Fed. R. App. P. 24(a)(5). To proceed IFP, the litigant must demonstrate both financial eligibility and a nonfrivolous issue for appeal. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). If the appeal is frivolous, we may dismiss it sua sponte. 5th Cir. R. 42.2.

In general, an attack on the validity of a conviction or sentence must be brought under § 2255 as opposed to § 2241. *See Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005). However, a federal prisoner may use § 2241 to challenge his conviction or sentence under § 2255(e)'s savings clause if he demonstrates that § 2255 is "inadequate or ineffective to test the legality of his detention." *Santillana v. Upton*, 846 F.3d 779, 782 (5th Cir. 2017) (quoting § 2255(e)). To proceed under the savings clause, a petitioner

No. 20-30663

must demonstrate that his claim (1) is based on a retroactively applicable Supreme Court decision; (2) was foreclosed by circuit law at the time when it should have been raised; and (3) establishes that he was convicted of a nonexistent offense. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Regardless of whether *Rehaif* applies retroactively to cases on collateral review, Palmer has failed to demonstrate that he was convicted of a nonexistent offense. Despite his assertions to the contrary, "[o]ur cases applying *Rehaif* have not required the Government to prove knowledge of the statutory prohibition contained in § 922(g)." *United States v. Trevino*, 989 F.3d 402. 405 (5th Cir. 2021). Instead, the Government must prove only the defendant knew that he possessed a firearm and that he knew of his relevant status when he possessed the firearm. *Id.* Because Palmer does not argue that he was unaware of his immigration status, he has failed to demonstrate that he was entitled to proceed under § 2255(e)'s savings clause. *See Reyes-Requena*, 243 F.3d at 904.

Because Palmer has not demonstrated a nonfrivolous issue for appeal, the IFP motion is DENIED and the appeal is DISMISSED as frivolous. *See* Fed. R. App. P. 24(a); 5th Cir. R. 42.2.

3