# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 9, 2012

Lyle W. Cayce
Clerk

No. 11-50490
Summary Calendar

JOHN M. WYATT,

Petitioner-Appellant

v.

M. TRAVIS BRAGG, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CV-187

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

John M. Wyatt, federal prisoner # 04900-051, has filed an application for leave to proceed in forma pauperis (IFP) on appeal, following the dismissal for lack of jurisdiction of his federal habeas petition challenging the validity of his conviction for possession with intent to distribute marijuana.  A movant for IFP on appeal must show that he is a pauper and that he will present a nonfrivolous appellate issue. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Before the district court, Wyatt argued that his criminal conviction was invalid because the statute of conviction, 21 U.S.C. § 841, did not constitute an "Act of Congress." The district court construed Wyatt's "writ of a habeas corpus ad subjudiciendum" as a 28 U.S.C. § 2241 petition and concluded that it was improperly submitted because Wyatt's challenge to the validity of his conviction should be presented under 28 U.S.C. § 2255. Because Wyatt was challenging matters arising prior to the imposition of his federal sentence, his claims arose under § 2255. *See Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005). A § 2241 petition raising such a claim may be considered only where the petitioner establishes that § 2255 is "inadequate or ineffective to test the legality of his detention." § 2255(e); *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). To show that § 2255 was rendered inadequate or ineffective in his case, Wyatt must show that his claim (1) "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and (2) "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena*, 243 F.3d at 904. Wyatt's challenge to the statute of conviction does not meet this standard.

Wyatt's assertion that the district court denied his due process rights by failing to inform him whether it derived its powers from Article I or Article III of the Constitution does not entitle him to relief. *See, e.g.*, *United States v. Raddatz*, 447 U.S. 667, 676-77 (1980). He is incorrect in his assertion that the district court could not convert his generic writ of habeas corpus to a statutory writ or to a § 2255 motion. *See* 28 U.S.C. § 2243; *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). The district court was not obligated to obtain an answer from the respondent before concluding that Wyatt's claims were meritless. *See* § 2243.

Because Wyatt has not met the requirements for proceeding under the savings clause of § 2255, and because he has not established that the district

court committed a procedural error in addressing his case, he has not established that he will raise a nonfrivolous appellate issue. *See Carson*, 689 F.2d at 586. Accordingly we DENY the motion to proceed IFP on appeal and we DISMISS Wyatt's appeal as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); 5TH CIR. R. 42.2. All other outstanding motions are likewise DENIED.