**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 29, 2012

Lyle W. Cayce
Clerk

No. 11-10526
Summary Calendar

JERALD JEROME DORSEY,

Petitioner-Appellant

v.

REBECCA TAMEZ; UNITED STATES OF AMERICA,

Respondents-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CV-856

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jerald Jerome Dorsey appeals the dismissal of a 28 U.S.C. § 2241 petition

challenging his 180-month sentence for being a felon in possession of a firearm.

Dorsey argued that he was actually innocent of his sentence under the Armed

Career Criminal Act in light of *Begay v. United States*, 553 U.S. 137 (2008).

As a general rule, a federal prisoner who seeks to collaterally challenge the

legality of his conviction or sentence must file a § 2255 motion. *Padilla v. United*

*States*, 416 F.3d 424, 426-27 (5th Cir. 2005). Such claims may be raised in a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10526

§ 2241 petition under the savings clause of § 2255(e) only if the prisoner shows that the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." § 2255(e).

Dorsey has not made such a showing because he has not established that his claims are based on a retroactively applicable Supreme Court decision establishing that he was convicted of a nonexistent offense. *See Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Moreover, a claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241. *See Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000); *see also Padilla*, 416 F.3d at 426-27. Dorsey has not shown that he is entitled to proceed under § 2241 based on the savings clause of § 2255(e).

The Government's motion for summary affirmance is GRANTED, the motion for extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.