**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 23, 2012

No. 11-11029
Summary Calendar

Lyle W. Cayce
Clerk

JULIO CESAR RODRIGUEZ-DUBERNEY,

Petitioner-Appellant

v.

KERRY DIXON, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:11-CV-159

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Julio Cesar Rodriguez-Duberney (Duberney), federal prisoner # 66550-079, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition, in which he challenged his 86-month sentence for illegal reentry. Duberney argues that his § 2241 petition falls within the savings clause of 28 U.S.C. § 2255(e) because his prior conviction for interstate transportation in aid of racketeering with intent to promote cocaine and marijuana trafficking did not constitute a drug trafficking offense warranting a 16-level enhancement under U.S.S.G. § 2L1.2.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-11029

We review a district court's dismissal of a § 2241 petition de novo. *Padilla v. United States*, 416 F.3d 424, 425 (5th Cir. 2005). A § 2241 petition raising errors "that occurr[ed] at trial or sentencing is properly construed [as arising] under § 2255." *Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000). A § 2241 petition that attacks custody resulting from a federally imposed sentence may, however, be entertained under the savings clause if the petitioner establishes that the remedy provided under § 2255 is "inadequate or ineffective" to test the legality of his detention. § 2255(e); *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001).

To demonstrate that the remedy provided under § 2255 is inadequate or ineffective, Duberney must establish that his claims are "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and were "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena*, 243 F.3d at 904. The first "factor requires that a retroactively applicable Supreme Court decision establish that the petitioner is actually innocent," meaning that he "may have been imprisoned for conduct that was not prohibited by law." *Jeffers v. Chandler*, 253 F.3d 827, 830-31 (5th Cir. 2001) (internal quotation marks and citation omitted). Duberney is unable to satisfy this factor by merely claiming that the district court improperly applied a sentencing enhancement because the claim does not rely on a retroactively applicable Supreme Court decision showing that he was convicted of a nonexistent offense. *See id.*; *see also Padilla*, 416 F.3d at 427; *Reyes-Requena*, 243 F.3d at 904. Consequently, the judgment of the district court is AFFIRMED.