# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 6, 2012

No. 12-30589
Summary Calendar

Lyle W. Cayce
Clerk

TIMELEHIN WIWO,

Petitioner-Appellant

v.

MARINA MEDINA,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:12-CV-90

Before STEWART, Chief Judge, and KING and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Timelehin Wiwo appeals the dismissal of a 28 U.S.C. § 2241 petition he filed challenging his 235-month sentence for being a felon in possession of a firearm. Wiwo argued that he was actually innocent of his sentence under the Armed Career Criminal Act because his two prior Florida convictions for possession and sale of cocaine were not serious drug offenses in light of *McNeill v. United States*, 131 S. Ct. 2218 (2011).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

As a general rule, a federal prisoner who seeks to collaterally challenge the legality of his conviction or sentence must file a 28 U.S.C. § 2255 motion. *Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005). Such claims may be raised in a § 2241 petition under the savings clause of § 2255(e) only if the prisoner shows that the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." § 2255(e). Wiwo has not made such a showing.

He has not established that his claims are based on a retroactively applicable Supreme Court decision establishing that he was convicted of a nonexistent offense. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). A claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241. *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000); *see also Padilla*, 416 F.3d at 426-27. Finally, Wiwo's challenge that the dismissal of his § 2241 petition impermissibly suspends the writ of habeas corpus is foreclosed by our precedent. *See Wesson v. United States Penitentiary Beaumont, TX*, 305 F.3d 343, 347 (5th Cir. 2002); *Reyes-Requena*, 243 F.3d at 901 n.19.

As Wiwo has not shown that he is entitled to proceed under § 2241 based on the savings clause of § 2255(e), the judgment of the district court is AFFIRMED.