# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 9, 2014

Lyle W. Cayce
Clerk

No. 13-10778
Summary Calendar

CHRISTOPHER ALSOP,

Petitioner - Appellant

v.

RODNEY CHANDLER, Warden,

Respondent - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CV-555

Before BARKSDALE, DENNIS, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se* and *in forma pauperis* on appeal, Christopher Alsop, federal prisoner # 03078-061, was convicted in 1999 in the Southern District of Ohio of conspiracy to distribute cocaine base and three counts of distribution of cocaine base and was sentenced to 360 months in prison. His subsequent motion under 28 U.S.C. § 2255 failed. Incarcerated at a federal facility in Fort

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10778

Worth, Texas, he appeals the dismissal, in the Northern District of Texas, of his petition for habeas relief pursuant to 28 U.S.C. § 2241.

The Supreme Court held recently that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury". *Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013). Alsop contends his sentence was unconstitutionally enhanced based on judicial fact-finding regarding the amount of crack cocaine involved in his offense, which increased his mandatory minimum sentence.

The district court's factual findings are reviewed for clear error; its legal conclusions, *de novo*. *E.g.*, *Padilla v. United States*, 416 F.3d 424, 425 (5th Cir. 2005). The primary means of collaterally attacking a federal conviction and sentence is provided by 28 U.S.C. § 2255. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). That motion must be filed in the sentencing court. *Id.* A federal prisoner also may attack the validity of his conviction through a § 2241 petition, pursuant to § 2255's "savings clause", if he can show the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention". 28 U.S.C. § 2255(e); *see*, *e.g.*, *Padilla*, 416 F.3d at 426. Petitioner bears the burden of showing the remedy under § 2255 would be inadequate or ineffective. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001) (citation omitted). A petitioner who wishes to proceed under the savings clause must establish his claim: (1) "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been *convicted* of a nonexistent offense"; and (2) "was foreclosed by circuit law at the time when the claim should have been raised". *Id.* at 904 (emphasis added). "Only the custodial court has the jurisdiction to determine whether a petitioner's claims are properly brought under § 2241 via the savings clause of § 2255." *Padilla*, 416 F.3d at 426 (citation omitted).

No. 13-10778

Alsop does not claim he is actually innocent of his four-count conviction. Instead, he claims his sentence was improperly enhanced based on the district court's fact-findings, particularly the calculation of the amount of crack cocaine involved in his offense. That claim goes to the validity of the *sentence*, not the conviction, and thus "does not amount to a claim that he was convicted of a nonexistent offense as required by the *Reyes-Requena* savings clause test". *Wesson v. U.S. Penitentiary Beaumont, TX*, 305 F.3d 343, 348 (5th Cir. 2002) (addressing a § 2241 petition based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000)). Accordingly, *Alleyne* is not a retroactively applicable Supreme Court opinion indicating Alsop was convicted of a nonexistent offense.

AFFIRMED.