# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60045
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 10, 2014

Lyle W. Cayce
Clerk

JESUS ANTONIO HERNANDEZ,

Petitioner-Appellant

v.

M. MARTIN, Warden, Federal Correctional Complex, Yazoo City, Mississippi,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:13-CV-19

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jesus Antonio Hernandez, federal prisoner # 08996-032, was convicted in the Eastern District of Kentucky of engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848, and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956. He filed a purported habeas petition under 28 U.S.C. § 2241 in the Southern District of Mississippi, where he is incarcerated. The district court construed the petition as a 28 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60045

§ 2255 motion and dismissed it for lack of jurisdiction. Hernandez was denied leave to proceed in forma pauperis (IFP) on appeal, and the district court certified that the appeal was not taken in good faith. Hernandez now moves for leave to appeal IFP.

By moving for IFP, Hernandez contests the district court's certification that the appeal is not taken in good faith. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a)(3)(A). We ask "whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). We may rule on the merits or dismiss the appeal "where the merits are so intertwined with the certification decision as to constitute the same issue." *Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

Relying upon *Regalado Cuellar v. United States*, 553 U.S. 550 (2008), which modified the definition of money laundering under § 1956, Hernandez contends that he was convicted of a nonexistent offense. Because he attacked the validity of his conviction, his petition was properly construed as a § 2255 motion. *See Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000). Hernandez does not show that his claims could be brought in a § 2241 petition under the savings clause of § 2255(e), because he does not establish that a claim based upon *Regalado Cuellar* was foreclosed by circuit law at the time when he could have filed a first § 2255 motion. *See Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001); § 2255(f)(3). The action was properly dismissed because the district court did not have jurisdiction over the § 2255 motion, which could be filed, if at all, in the district where Hernandez was convicted. *See Padilla v. United States*, 416 F.3d 424, 425 (5th Cir. 2005).

2

No. 14-60045

Thus, Hernandez has identified no nonfrivolous issue for appeal. His IFP motion is DENIED and the appeal is DISMISSED. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.