# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 10, 2016

No. 15-30282
Summary Calendar

Lyle W. Cayce
Clerk

NASIR ABDUL ALI, also known as Donnie Ray Reed,

Petitioner-Appellant

v.

MICHAEL D. CARVAJAL, Warden, United States Penitentiary Pollock,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:15-CV-173

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:*

Nasir Abdul Ali, federal prisoner # 09596-042, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition challenging the life sentence imposed following his 2005 conviction on multiple drug offenses. His petition alleges that his mandatory life sentence was unconstitutional because his prior convictions did not qualify as felony drug offenses for purposes of 21 U.S.C. §§ 841(b)(1)(A) and 851.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30282

As a general rule, a federal prisoner who seeks to collaterally challenge his conviction or sentences must file a § 2255 motion in the sentencing court. *See Padilla v. United States*, 416 F.3d 424, 426-27 (5th Cir. 2005). A petition for writ of habeas corpus filed pursuant to § 2241 is generally reserved for challenges to the manner in which the sentence is being executed. There is an exception, however, pursuant to the savings clause of § 2255. That clause allows a federal prisoner to attack the legality of his conviction or sentence via § 2241 when relief under § 2255 is inadequate or ineffective. 28 U.S.C. § 2255(e); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). We have held that the § 2255 procedure is inadequate when a claim (i) is based on a retroactively applicable Supreme Court decision which establishes that the defendant may have been convicted of a nonexistent offense and (ii) was foreclosed by circuit law at the time when the claim should have been raised in his trial, direct appeal, or first § 2255 motion. *Reyes-*, 243 F.3d at 904. We have consistently held that challenges to the validity of a sentencing enhancement, which is the argument Abdul Ali raises, do not satisfy the savings clause. *See, e.g., In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011) (holding that the petitioner's claim that he was actually innocent of the career offender enhancement was not a claim that he was actually innocent of the offense of conviction); *Padilla*, 416 F.3d at 426-27 (holding that the petitioner's claim that his sentence exceeded the statutory maximum did not satisfy the first prong of the *Reyes-Requena* test because he failed to show that he was convicted of a nonexistent offense); *Preston v. Ask-Carlson*, 583 F. App'x 462, 463 (5th Cir. 2014) ("[C]laims relating to sentencing determinations do not fall within the savings clause and are not cognizable under § 2241, even where the petitioner asserts a 'miscarriage of justice' or actual innocence relating to the alleged sentencing errors.").

2

No. 15-30282

Relying on the Solicitor General's concession in *Persaud v. United States*, 134 S. Ct. 1023 (2014), Abdul Ali argues that the savings clause should extend to a previously foreclosed argument that the prisoner was actually innocent of a mandatory life sentence.  But the Department of Justice's litigation cannot override our precedent holding that sentencing issues do not invoke the savings clause.  And the Supreme Court did not issue a substantive ruling in *Persaud*; it only granted the petition, vacated the judgment below, and then remanded to the Fourth Circuit for reconsideration in light of the Solicitor General's position.  134 S. Ct. at 1023.  Under our precedent, Abdul Ali has failed to demonstrate that his claim fell within the savings clause of § 2255.  *See Padilla*, 416 F.3d at 426-27.  Accordingly, the district court's judgment dismissing the § 2241 petition is AFFIRMED.