# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-10546
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 14, 2018

Lyle W. Cayce
Clerk

KRISTOFOR B. KELLEY,

Petitioner-Appellant

v.

JORGE CASTANEDA, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CV-679

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Kristofor B. Kelley, federal prisoner # 38506-177, was convicted of conspiracy to manufacture, distribute, and possess with intent to distribute a controlled substance and money laundering and was sentenced to a total of 180 months of imprisonment. He now appeals the district court's denial with prejudice of his 28 U.S.C. § 2241 petition wherein he argued that in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016), his prior Texas convictions of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10546

possession with intent to deliver a controlled substance and delivery of a controlled substance no longer qualified as predicate offenses for the career offender enhancement under U.S.S.G. § 4B1.1.

In this court, Kelley contends that the district court erred in determining that he failed to satisfy the requirements of the savings clause of 28 U.S.C. § 2255(e).    He maintains that his career offender enhanced sentence "constitutes a complete miscarriage of justice, a deprivation of due process, and is the equivalent of conviction of a non-existent offense."   Kelley also asserts that the district court erred in denying his § 2241 petition with prejudice "on the ground that it lacked jurisdiction to consider the same."   Our review is de novo.  *Padilla v. United States*, 416 F.3d 424, 425 (5th Cir. 2005).

Because Kelley challenges the legality of his sentence, rather than the manner in which it is being executed, his claim is properly construed as arising under § 2255.  *See id.* at 425-26.   Nevertheless, under the savings clause of § 2255(e), a § 2241 petition that attacks a federal sentence may be considered if Kelley shows that § 2255 is "inadequate or ineffective to test the legality of his detention."  § 2255(e).   To satisfy § 2255(e)'s saving clause, Kelley must establish that (1) his claim is "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense," and (2) his claim was "foreclosed by circuit law at the time when the claim should have been raised in [his] trial, appeal, or first § 2255 motion."  *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

As the district court correctly determined, Kelley has failed to make such a showing.  *See id.* at 904.   We have repeatedly held that challenges to the validity of a sentencing enhancement do not satisfy the savings clause of § 2255(e).  *See, e.g., In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011); *Padilla*,

2

No. 17-10546

416 F.3d at 426-27; *Abdul Ali v. Carvajal*, 654 F. App'x 172, 172-73 (5th Cir. 2016); *Preston v. Ask-Carlson*, 583 F. App'x 462, 463 (5th Cir. 2014).  Moreover, contrary to Kelley's argument, the record does not reflect that the district court denied Kelley's § 2241 petition with prejudice based on a lack of jurisdiction.

The judgment of the district court is AFFIRMED.