# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-40030
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 2, 2017

Lyle W. Cayce
Clerk

VIRGIL RIVERS-BEY,

Petitioner-Appellant

v.

FRANCISCO LARA, WARDEN,
FEDERAL CORRECTIONAL COMPLEX-BEAUMONT, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:15-CV-270

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Respondent-Appellee Virgil Rivers-Bey, federal prisoner # 81378-158, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition, contending that (1) his conviction for unlawful use of a firearm is based on an improper amendment of the indictment; (2) he is actually innocent of the unlawful use of a firearm because there was insufficient evidence to show that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he actively employed the firearm; (3) his trial and appellate counsel were ineffective for failing to raise these contentions and for failing to urge that the district court should have dismissed his charge of unlawful use of a firearm when it dismissed his conviction for being a felon in possession of a firearm; (4) his conviction has resulted in a miscarriage of justice; and (5) he has been convicted of a nonexistent offense.

Under § 2241, we review findings of fact for clear error and conclusions of law de novo. *Garland v. Roy*, 615 F.3d 391, 396 (5th Cir. 2010); *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003). Because Rivers-Bey's § 2241 claims attacked the validity of his conviction, the district court did not err in determining that the claims would be properly brought in a 28 U.S.C. § 2255 motion. *See Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005); *Pack v. Yusuff*, 218 F.3d 448, 451-52 (5th Cir. 2000). The district court did not err in holding that Rivers-Bey failed to meet his burden of showing that the § 2255 remedy is inadequate or ineffective by identifying a retroactive decision that changed circuit law. *See* § 2255(e); *see Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001) (stating that the savings clause of § 2255 allows a federal prisoner to attack the legality of his conviction or sentence in a § 2241 petition if he can show that the remedies provided under § 2255 are "inadequate or ineffective to test the legality of his detention"). The district court's judgment is AFFIRMED.