# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40760
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 22, 2017

Lyle W. Cayce
Clerk

NOAH R. ROBINSON,

Petitioner-Appellant

v.

FRANCISCO LARA, WARDEN, FEDERAL CORRECTIONAL COMPLEX-BEAUMONT,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:15-CV-326

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Noah R. Robinson, federal prisoner # 99857-024, is serving a life sentence for various offenses related to his role in a drug trafficking, racketeering, and murder-for-hire conspiracy, and he now appeals the district court's dismissal of his 28 U.S.C. § 2241 petition. Relying on *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Apprendi v. New Jersey*, 530 U.S.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40760

466 (2000), he argues that he received illegal sentences.  Robinson filed two motions in addition to his brief: a motion for leave to file exhibits and a motion for leave to file a supplemental brief.  We review the district court's legal determinations de novo and its factual findings for clear error.  *Padilla v. United States*, 416 F.3d 424, 425 (5th Cir. 2005).

Generally a federal prisoner must seek relief under 28 U.S.C. § 2255 if he wishes to challenge his conviction or sentence.  *Id.* at 426.  However, he may raise claims in a § 2241 petition where the remedy under § 2255 is inadequate or ineffective and thus the claims fall within the savings clause of § 2255(e).  *Id.*  He must establish that his claims (1) are based on a retroactively applicable Supreme Court decision that establishes that he may have been convicted of a nonexistent offense and (2) were foreclosed by circuit law at the time of his trial, direct appeal, or first § 2255 motion.  *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).  To meet the first prong, he must show "that based on a retroactively applicable Supreme Court decision, he was convicted for conduct that did not constitute a crime." *Jeffers v. Chandler*, 253 F.3d 827, 831 (5th Cir. 2001).

Robinson does not argue that he was convicted of now-nonexistent offenses.  Instead, he asserts that his sentences were illegal.  However, a challenge to the legality of a sentence does not fall within the savings clause.  *See Padilla*, 416 F.3d at 426-27.  Accordingly, the district court's dismissal of Robinson's petition is affirmed, and his motion for leave to file a supplemental brief and a motion for leave to file exhibits are denied as moot.

AFFIRMED; MOTIONS DENIED.