# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50676
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 4, 2018

Lyle W. Cayce
Clerk

KENNETH RAY JOHNSON,

Petitioner-Appellant

v.

WARDEN SCOTT WILLIS,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:17-CV-182

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

Kenneth Ray Johnson, federal prisoner # 38827-177, appeals the dismissal of his 28 U.S.C. § 2241 petition. Previously, Johnson was convicted of aiding and abetting the distribution of methamphetamine, determined to be a career offender, and sentenced to 160 months of imprisonment and 10 years of supervised release. In his § 2241 petition, he argued that in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016), and this court's subsequent caselaw,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50676

his Texas drug convictions no longer qualify as predicate offenses for the career offender sentence enhancement. On appeal, he also asserts that he is "factually innocent" of the enhancement and that this court should correct "the complete miscarriage of justice that has occurred in this case."

The district court did not err in dismissing Johnson's § 2241 petition. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Since the decision in *Mathis*, 136 S. Ct. at 2256-57, implicates the validity of a sentence enhancement, *Mathis* does not establish that Johnson was convicted of a nonexistent offense. *See Padilla v. United States*, 416 F.3d 424, 425-27 (5th Cir. 2005). Thus, Johnson failed to satisfy the requirements of the savings clause of 28 U.S.C. § 2255(e). *See Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). There is no authority that would allow Johnson to proceed under § 2241 based on a showing of innocence or a miscarriage of justice without meeting the requirements of the savings clause. The judgment of the district court is AFFIRMED.

Johnson's brief contains an incorporated motion for authorization to file a successive § 2255 motion. We DENY this motion without prejudice. Johnson may choose to move for authorization in a separate case.

AFFIRMED; MOTION DENIED.