# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-41095
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 13, 2018

Lyle W. Cayce
Clerk

RIGOBERTO MATA, JR.,

Petitioner-Appellant

v.

DEREK EDGE, Warden at Federal Correctional Institution Texarkana,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:17-CV-149

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Rigoberto Mata, Jr., federal prisoner # 35080-079, appeals the dismissal of his 28 U.S.C. § 2241 petition. Contending that his claims fall within 28 U.S.C. § 2255's savings clause, Mata asserts that he should have been permitted to proceed with his petition. Our review is de novo. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-41095

Mata identifies a pair of Supreme Court cases—*United States v. Santos*, 553 U.S. 507 (2008), and *Cueller v. United States*, 553 U.S. 550 (2008)—that he contends support his claims, and he urges that he is thus permitted to bring those claims under § 2241 pursuant to the savings clause in § 2255(e).  Both of these cases, however, were decided before Mata's indictment was filed, and Mata could have litigated the issues addressed in them throughout his criminal proceedings and on postconviction review.  Indeed, he relied on *Santos* in his earlier § 2255 motion.  Accordingly, he has not established that § 2255 is inadequate or ineffective to test the legality of his detention and thus has not shown that his claims fall within the savings clause.  *See Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001); *see also* § 2255(e).

Further, we decline Mata's invitation to remand the case to the court that considered his § 2255 motion so that he may file a motion under Federal Rule of Civil Procedure 60(b).  Mata has provided no basis on which we may remand, and the district court's order in that proceeding is not currently pending before us in this appeal.  Nothing prevents Mata from filing a Rule 60(b) motion in that proceeding should he wish to do so.

In his brief in this court, Mata suggests that he may wish to bring a successive § 2255 motion.  To the extent that Mata would like to move for authorization to file a successive § 2255 motion, he may do so in a separate proceeding in this court.  *See* § 2255(h).

The district court's dismissal of the § 2241 petition is AFFIRMED. Mata's motion for appointment of counsel is DENIED.